**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CUREPOINT, LLC, | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | CASE NO. 22-56501-pmb |
| _____ | ) | |
| DAVID A. WENDER, in his capacity as | ) | |
| Chapter 11 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY PROCEEDING |
| v. | ) | CASE NO. 23-05162-pmb |
| | ) | |
| PHILLIP MILES, JAMILA DADABHOY, | ) | |
| MEC CAPITAL, INC., MITTERE INC, MMI | ) | |
| EDUCATIONAL TECHNOLOGIES, LLC, | ) | |
| NORTHWINDS LEASING, INC. AND | ) | |
| PHYSICIAN FINANCIAL PARTNERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| MEC CAPITAL, INC., MITTERE INC, MMI | ) | |
| EDUCATIONAL TECHNOLOGIES, LLC, and | ) | |
| NORTHWINDS LEASING, INC, | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID A. WENDER, in his capacity as | ) | |
| CHAPTER 11 TRUSTEE, | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| _____ | ) | |

**DEFENDANTS MEC CAPITAL, INC., MITTERE INC, MMI EDUCATIONAL
TECHNOLOGIES, LLC, AND NORTHWINDS LEASING, INC.'S RESPONSE BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND
MOTION TO STRIKE AFFIRMATIVE DEFENSES OF MEC CAPITAL, INC.,
MITTERE, INC., MMI EDUCATIONAL TECHNOLOGIES, LLC,
AND NORTHWINDS LEASING, INC.**

## I.      INTRODUCTION

Defendants MEC Capital, Inc. ("MEC") Mittere Inc. ("Mittere"), MMI Educational Technologies, LLC ("MMI"), and Northwinds Leasing, Inc. ("Northwinds") (hereinafter collectively "Defendants" and "Miles Entities") and files this their Response Brief In Opposition ("Response") to Plaintiff's Motion to Dismiss Counterclaims and Motion to Strike Affirmative Defenses of MEC Capital, Inc, Mittere, Inc., MMI Educational Technologies, Inc. and Northwinds Leasing, Inc. (the "Motion").

Plaintiff in his capacity as the Chapter 11 Trustee of Curepoint, LLC (the "Trustee") commenced the above adversary against, in part, Phillip Miles ( "Miles") and MEC Capital, Inc. ("MEC") Mittere Inc. ("Mittere"), MMI Educational Technologies, LLC ("MMI"), and Northwinds Leasing, Inc. ("Northwinds") (collectively MEC, Mittere, MMI and Northwinds are the  "Miles Entities") asserting breach of fiduciary duty against Miles and various avoidance actions against the Miles Entities. Miles and the Miles Entities responded to the Trustee's complaint by asserting, inter alia, certain affirmative defenses and counterclaims that together assert that the Miles Entities have claims against the Trustee and the Curepoint Estate. Trustee asserts in his Motion that such counterclaims and *all* affirmative defenses are subject to dismissal under Rule 12(b)(6) and being stricken under Rule 12(f), respectively.  However, the Miles Entities have not filed proofs of claim in the Curepoint bankruptcy case, their right to assert claims and assert defenses are not barred by the releases obtained by the Trustee in the confirmed Plan of Reorganization, and are not barred as untimely.[1] Therefore, the Motion must be denied.[2]

---

[1] Although the Miles Entities acknowledge they may not obtain affirmative recovery against the Plaintiff.
[2] Trustee also notes that there are typographical errors in Miles and the Miles Entities Answer, Counterclaims and Affirmative Defenses.  Such errors have been corrected and a First Amended Answer, Counterclaim and Affirmative Defenses will be presented to the Court with a Motion for Leave to file the same. Thus, as to the part of Trustee's Motion making such moot.

## II.     ARGUMENT AND CITATION TO AUTHORITY

### A.  Standard of Evaluation

The standards for a motion to dismiss a counterclaim pursuant to 12(b)(6) is evaluated under the same standard as a motion to dismiss a complaint.  *See United States v. Zak*, 550 F. Supp. 3d 1349, 1351 (N.D. Ga. 2021).  A plaintiff cannot simply use labels and conclusory statements, nor can a plaintiff just recite the elements of a particular cause of action.  *In re Arsenault*, 456 B.R. 627, 629 (Bankr. S.D. Ga. 2011). The complaint [and counterclaim] needs more than conclusory statements or recitation for the elements.  *Farina v. FedLoan Servicing Credit (In re Farina),* 2016 Bankr. 3039, at *4 (Bankr. N.D. Ga. June 16, 2016).  Dismissal is warranted under R 12(b)(6) if assuming the truth of the factual allegations there is a dispositive legal issue which precludes relief of the claim is based on an indisputably meritless legal theory.  But when reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Richard v. Henderson Convington Messenger Newman & Thomas Co., L.P.A.*, 779 Fed. Appx. 665, 666 (11th Cir. 2019).

Bankruptcy Courts have recognized that asserting a setoff as an affirmative defense even in the absence of filing an appropriate proof of claim is possible if limited to use that claim of setoff as a defense only but not an affirmative recovery.  "Nevertheless, while a creditor is entitled to assert a set-off as an affirmative defense to a trustee's claim against it even when it has not filed an appropriate proof of claim, such creditor cannot use claims of set-off to obtain an affirmative recovery against the estate." *Matter of Henderson*, 24 B.R. 630, 632 (Bkrtcy.M.D.Ga.1982).

### B.  The Affirmative Defenses Should Not Be Stricken

Trustee seeks to strike *all* Affirmative Defenses asserted by the Miles Entities under Rule 12(f) (the Court may strike "from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter.") Memorandum in Support of Plaintiff's Motion to Dismiss Counterclaims and Strike Affirmative Defenses of Defendants MEC Capital, Inc., Mittere, Inc. MMI Educational Technologies, LLC and Northwinds Leasing, Inc. (the "Memorandum'). Memorandum at 17 (¶ 48.)  Fed.R.Civ.P. 12(f).  Trustee offers no support for this position that all affirmative defenses should be stricken, other than the Plan language, which is overly broad and violates Defendants' right to a defense.  Defendants have found no cases, and Plaintiff cites to none also, that would allow a Court to disallow *all defenses* to an adversary proceeding.

Plaintiff's position that all defenses must be stricken as such were waived in the Plan, and such counterclaims as well, is inconsistent with Defendant's 7th Amendment rights and the U.S. Supreme Court's ruling in *Granfinanciera, S.A. v. Nordberg* , 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), and *Stern v. Marshall* , 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). Both cases provided under the context of the 7th Amendment that the bankruptcy code cannot take away a right to a jury trial in a non-core proceeding. Trustee's assertion in his Motion will have that affect; stripping Defendants of all affirmative defenses.

The bankruptcy court in *Paragon Litig. Trust v. Noble Corp. (In re PLC)*, 598 B.R. 761 (Bankr. Del. 2019) found that failure to object to a plan provision dealing with the Court's jurisdiction was not a waiver of the right to jury trial on non-core matters. Defendants' failure to oppose a plan provision in this case that strips all defendants, in any adversary proceeding, of all defenses including the right to a jury trial, as demanded by the Defendants, should not result in loss of all affirmative defenses. Further, as will be discussed in Section D, infra, the Plan and the Order of Confirmation do not bar the affirmative defenses nor Defendants' counterclaims.

The argument that not striking all the affirmative defenses would result in enlarging the scope of discovery demonstrates the arrogance of Plaintiff. Trustee wants merely the Defendants

to capitulate without a defense and apparently without the Trustee proving his case. Under Plaintiff's reading of its Plan and the Order of Confirmation, even lack of subject matter jurisdiction is waived, along with all other defenses provided for in Fed.R.Civ.P. 8 and Fed.R.Civ.P. 12, as made applicable to this proceeding by Fed.R.Bankr.P. 7008 and 7012. This cannot be.

Plaintiff's assertion that the affirmative defense of Plaintiff's failure to mitigate his losses should be stricken is not supported by the Plan or the Order of Confirmation. That defense is primarily for Defendant Miles personally for the questionable count of breach of fiduciary duty asserted against him. The case cited, *Community Fed. Sav. & Loan Assoc. v Foster Dev. Inc*., 179 Ga.App.861, 348 S.E.2d 326 (1986) really does not support the position that the Plan and Order require this affirmative defense be stricken.  In any event, the language of the case as noted requires the Trustee to do exactly that: mitigate his damages. Which is a fact question.

### C.  The Defenses of Set-Off and/or Recoupment Specifically Should Not Be Stricken

Bankruptcy Judge Hershner of the Middle District of Georgia wrote in 1982 about the set-off as a counterclaim and as an affirmative defense. His Opinion is instructive and is offered for that purpose. Judge Hershner wrote:

> Rule 713 of the Rules of Bankruptcy Procedure, R.Bankr.P. 713[3], makes Federal Rule of Civil Procedure 13, Fed.R.Civ.P. 13, applicable to adversary proceedings, with certain exceptions not relevant here. Rule 13 governs the assertion of counterclaims and cross-claims. Under Rule 13, a claim of setoff is generally regarded as a permissive counterclaim. 3 Moore's Federal Practice ¶ 13.18 (1972); In re Monongahela Rye Liquors, 141 F.2d 864 (3d Cir.1944). This analysis would seem to support Gold Kist's claim that the amendment should not be allowed, since the right to bring a counterclaim belongs to the Trustee.
> However, a claim of setoff may also be used as an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure. "At times, though, a Defendant may desire to use ... set-off defensively, rather than as the basis of a counterclaim seeking affirmative relief, and he may properly do so." 2A Moore's Federal Practice ¶ 8.273 (1979). In that case, a claim of setoff may not be used to gain an affirmative recovery but may be employed only to reduce the claim of the opposing party.

---

[3]The Rule is now Fed.R.Bankr.P. 7013.

*Gold Kist, Inc. v. Henderson (Matter of Henderson)* 24 B.R. 630, 632 (Bankr. M.D. Ga. 1982).

In *Henderson*, and the many other cases that follow it, assertion of set-off, even though technically a counterclaim, it is also an affirmative defense and in situations exactly like that before the Court now in this case, where a party being sued did not file a proof of claim it has the right to assert set-off as a defense. See also, *Stratton v. Equitable Bank, NA*, 104 BR 713 (D. Me. 1989). *In re G.S. Omni Corp.,* 835 F.2d 1317, 1318-19 (10th Cir. 1987) (holding that although setoff rights may survive discharge, failure to file a proof of claim bars participation in distribution of the estate); *In re Central Equipment & Service Co.*, 61 B.R. 986, 988 (Bankr. N.D. Ga. 1986) (the Bankruptcy Code does not contain a requirement that a creditor seeking to exercise a setoff must file a proof of claim); In *re Concept Clubs, Inc.,* 154 B.R. 581, 589 (Bankr. Utah 1993).

Likewise, in *Concept Clubs*, the District Judge stated that:

> At common law, a setoff, as distinguished from a recoupment   or counterclaim, arose from different transactions, or occurrences, between the same parties. See Lawrence P. King, 4 Collier on Bankruptcy ¶ 553.03, at 553-14 (15th ed. 1993). It was often asserted to reduce or extinguish the creditor's claim against the debtor. Id. It was also used, however, to recover a judgment if the amount sought to setoff exceeded the original claim. Id. at 553-15. In other words, a setoff provided the basis for affirmative relief. Id. As a procedural matter, a setoff claim provided the claimant with an independent cause of action which was offset against a separate existing claim in a single action for the purpose of judicial economy.
> The procedural differences, however, between counterclaim, recoupment and setoff have been significantly relaxed under the modern rules of civil procedure. *Mark VII Fin. Consultants,* 792 P.2d at 133; see also *In re B & L Oil Co.,* 782 F.2d at 157 (reaching similar conclusion under Federal Rules of Civil Procedure). Specifically, "a defendant may choose to . . . use . . . set-off defensively, rather than as the basis of a counterclaim seeking affirmative relief, and it may properly do so." *Mark VII Fin. Consultants*, 792 P.2d at 133 n. 2 (citing 2A James Wm. Moore, Moore's Federal Practice ¶ 8.273, at 8-177 (2d ed. 1993)). In short, a setoff may be properly raised as either an affirmative defense or a counterclaim. Id. & n. 2. Additionally, if it is pleaded as a counterclaim, setoff provides the basis for a permissive counterclaim because setoff, by definition, does not arise from the same transaction as the original claim.  Id. at 132-33 & n. 2.

*In re Concept Clubs, Inc.*, 154 B.R. 581, 586-7 (D. Utah 1993).

Lastly, setoff and recoupment defenses are state law questions as well. *See Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (stating that setoff is not a federal right created under the Bankruptcy Code); *In re Telephone Warehouse, Inc.*, 259 B.R. 64, 68 (Bankr.D.Del.2001) (stating that setoff is a matter of state law subject to certain restrictions under section 553 of the Bankruptcy Code); *DHP Holdings II Corp. v. Peter Skop Indus. Inc. (In re DHP Holdings II Corp.),* 435 B.R. 220 (Bankr. Del. 2010).

Recoupment is defined in Black's Law Dictionary (6th ed. 1990) as "the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to plaintiff's claim." "A party may not use recoupment to recover damages from the other party but only to reduce a liability that would otherwise be owed to the other party. A party may raise the defense of recoupment even though a counterclaim that the facts giving rise to recoupment may support is barred by a statute of limitations. *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935)."
*In re Izaguirre,* 166 B.R. 484, 490 (Bankr. N.D. Ga. 1994)

In the case of *United States v. Fleet Bank (In re Calore Express Co.),* 288 F. 3d 22, 37-38 (1st Cir. 2002), the First Circuit expressed the following regarding whether a creditor has waived the right of setoff: "[o]ur holding that a waiver of setoff implied from the conduct of the creditor rest on conduct that demonstrates intent will seldom, if ever, permit the courts of this circuit to imply waiver from mere silence. This result is consistent with the Bankruptcy Code, which provides that with limited exceptions the Code 'does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.' 11 U.S.C. §553(a). Those exceptions include the automatic stay, so

7

that a creditor may not exercise a pre-petition right of setoff during bankruptcy proceedings without first obtaining the permission of the court." Id. §362(a)(7). Nevertheless, there is authority that §553 may allow a creditor even to wait out the bankruptcy proceedings and then, afterwards, exercise a pre-petition right of setoff unimpaired by the actions of the bankruptcy court, although the court has meanwhile granted a discharge or confirmed a plan of reorganization. *Davidovich v. Welton (In re Davidovich*), 901 F. 2d 1533, 1539 (10th Cir. 1990) ("The right to assert setoff against a mutual, pre-petition debt owed the bankruptcy estate survives even the Bankruptcy Court's discharge of the bankrupt's debts."); see also *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 21, 133 L. Ed. 2d 258, 116 S. Ct. 286 (1995) (declining to answer the question whether the right survives the confirmation of a plan of reorganization in a Chapter 13 case)." *In re Calore Express Co.,* 288 F. 3d at 37-38.

Defendants acknowledge that a creditor must file a proof of claim in order to participate in any distribution from a debtor's bankruptcy estate. "It does not necessarily follow, however, that a creditor who fails to file a proof of claim thereby waives a right of setoff for all purposes. The prevailing view is that the failure to file a proof of claim does not prevent the creditor from asserting the right as a defensive matter, although the creditor may be barred from collecting a dividend with respect to the amount of the claim that exceeds the creditor's offsetting debt to the debtor." Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶553.07[1] (16th ed. 2020).

"The majority of courts have concluded that failure to file a proof of claim is not a bar to assert a right of setoff." *Neal v. Golden Knights, Inc. (In re Laughter, Inc.),* 1995 Bankr. Lexis 2163, *10-11 (Bankr. E.D. Va. 1995), aff'd 1996 U.S. Dist. Lexis 15442 (E.D. Va. 1996); see also; *Columbia Hosp. for Women Med. Ctr., Inc. v. NCRIC, Inc. (In re Columbia Hosp. for Women Med. Ctr., Inc.),* 461 B.R. 648, 673 (Bankr. D.C. 2011)("Although failure to file a proof of claim may

preclude NCRIC from asserting any right to distribution under the plan, it does not bar NCRIC from asserting a right of setoff defensively in a turnover proceeding"); *Geltzer v. Bloom (In re Silverman Laces, Inc.),* 404 B.R. 345, 365-66 (Bankr. S.D. N.Y. 2009) ("The clear majority and better view, however, is that filing a proof of claim is not a prerequisite to asserting an otherwise valid setoff"); *Davidovich v. Welton (In re Davidovich*), 901 F. 2d 1533 (10th Cir. 1990). *In Calderone v. Mancino (In re Calderone)*, 166 B.R. 825, 830 (Bankr. W.D. Pa. 1994), the court's analysis for allowing a creditor that has not filed a proof of claim to assert its setoff right was the following:  "A creditor whose claim has been scheduled as disputed, contingent, or unliquidated must file a proof of claim by the bar date. Any such creditor who fails to do so shall not be treated as a creditor with respect to that claim for purposes of voting and distribution in any chapter 11 proceeding. See Fed. R. Bankr. P. 3003(c)(2)."

The above general rule does not apply to such a creditor when it merely asserts a right of setoff. A holder of a disputed claim who fails to file a timely proof of claim need not file a proof of claim as a prerequisite to asserting setoff pursuant to 11 U.S.C. §553. *See In re G.S. Omni Corp.,* 835 F. 2d at 1318.  The reason for this has to do with the nature of setoff.  "A creditor asserting setoff is not requesting distribution from the bankruptcy estate res but is seeking instead to satisfy the debt owed to it by debtor to the extent of the debt it owes to debtor." *In re Calderone*, 166 B.R. at 830.

In an unreported decision, the Bankruptcy Court considered a similar situation wherein a creditor who did not file a proof of claim asserted a set-off counterclaim and defense. The Court there found that the adversary proceeding was filed after the bar date and that it would be inequitable to not allow the right to assert a set-off defense. *Nat'l Promoters & Servs. v.*

*Multinational Life Ins. Co. (In re Nat'l Promoters & Servs.*), 12-01076 (ESL), 2020 WL 1685755

(Bankr. D.P.R. Apr. 6, 2020).

　　　As to the proposition that the Plan or Order of Confirmation language should prevail over

§553, the Ninth Circuit Court of Appeals in *In re De Laurentiis Entertainment Group Inc.*, 963 F.

2d at 1276, held that section 553 must take precedence over section 1141. The reasons for its

holding were the following:

> Section 553 provides that, with listed exceptions not relevant here, 'this title does
> not affect the right of any creditor to offset a mutual debt...' This language not only
> establishes a right to setoffs in bankruptcy, subject to enumerated exceptions, but
> seems intended to control notwithstanding any other provision of the Bankruptcy
> Code. To give section 1141 precedence would be to ignore this language.
> Furthermore, a contrary conclusion essentially would nullify section 553. Section
> 553 does not by itself create a right of setoff. Instead, it merely allows setoffs in
> bankruptcy to the same extent they are allowed under state law. *Buckenmaier,* 127
> Bankr. at 237. If section 1141 were to take precedence over section 553, setoffs
> would be allowed under Chapter 11 only where they were written into a plan of
> reorganization. Section 553 would be largely superfluous, since a setoff could be
> written into the reorganization plan even without section 553. A reading of section
> 553 which renders it meaningless should be highly suspect.

Id.

A setoff is allowed as a defense to a claim brought by the debtor against a creditor. "The creditor

can claim only an amount large enough to offset its debt; it cannot collect anything from the

debtor" Id. at 1276-1277.

### D.  The Counterclaims Are Not Barred

　　　Defendants acknowledge that they cannot obtain an affirmative recovery against the

Trustee.[4]  But the counterclaims are in the nature of set-off and recoupment and for those reasons

stated in prior section on affirmative defenses they should not be dismissed, and Defendants

incorporate those arguments and citations to authority herein again.  That is the Miles Entities

---

[4]Although Defendants note that the complaint is brought in the name of the Trustee of the Curepoint
Estate, and not the Liquidating Trust. Thus, Plaintiff lacks standing to bring the adversary proceeding.

did not file proofs of claims. The bar date was entered prior to this Adversary being filed. Thus, their right to set-off was not extinguished.

Plaintiff filed the instant complaint of more than 500 paragraphs and 600 pages filed October 11, 2023. The Plan and Disclosure Statement were filed in August and amended by a filing on October 15, 2023. Plaintiff's tactics as to these Defendants was to overwhelm them with paper and allegations. After cooperating with the Trustee, Miles as the principal of some of these Defendants was dumbfounded by the Complaint.

Notwithstanding the intent of the Trustee, the Plan and Order of Confirmation clearly do not prohibit the counterclaims of these Defendants. The Plan, and the Order of Confirmation make clear that the Retained Causes of Action are excluded from the provisions of the releases and the injunction. Plan Article VII, ¶ D, and E. and Order of Confirmation ¶ T ("The injunction and exculpation provisions contained in the Plan, including, without limitation, those contained in Article VII of the Plan are hereby authorized, approved, and shall be effective and binding on all persons and entities, to the extent expressly described in the Plan.").

Whether Trustee meant what he wrote, the fact remains the language of these provisions' states:

> [...]provided, however, that the foregoing releases shall (i) have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct, and (ii) shall not release any entitlement that a Creditor may have to receive a distribution as provide for herein, and (iii) that nothing in this provision shall be deemed to release any Retained Cause of Action.

Plan Doc. No. 312, p. 27, § VII, D.

> and provided further, that no Retained Cause of Action is subject to this Plan injunction.

Plan Doc. No. 312, p. 27, § VII, E.

> For the avoidance of doubt, no Retained Cause[] of Action is subject to the release or exculpation provisions of this Plan.

*Plan,* Doc. No. 312, p. 49, Appendix A – Defined Terms, No. 121.

The claims asserted by the Plaintiff must be Retained Causes of Action. As such, by the plain language of the Plan, these are not subject to the Release and Injunction provisions of the Plan. Therefore, Defendants here can assert all defenses and claims against the Plaintiff.

"The debtor [Trustee] as draftsman of the plan has to pay the price if there is any ambiguity about the meaning of the terms of the plan. This comports with the long-standing rule that ambiguous terms of a document are to be interpreted against the party that drafted them." *In re Tucker*, 231 B.R. 284, 287 (Bankr. E.D. Tenn. 1999) (citing *Fawcett v. United States* (In re Fawcett), 758 F.2d 588, 591 (11th Cir.1985); *see also Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581, 588 (9th Cir. 1993); *In re Fuel 4 Less, LLC,* 562 B.R. 777, 783 (Bankr. D. N.M. 2016); *In re Lason, Inc*., 290 B.R. 504, 506 (Bankr. D. Del. 2003)(ambiguous term in confirmed chapter 11 plan construed against the drafter); *Miller v. United States (In re Miller),* 253 B.R. 455, 458 (Bankr. N.D. Ca. 2000)**;** *Santee v. J & R Mktg. (In re Mako, Inc.,),* 127 B.R. 474, 477 (Bankr. E.D. Okla. 1991) (same); *see also In re Covington Lodging Inc.*, 2021 Bankr. LEXIS 97, *14-15 (Bankr. N.D. Ga. 2021)(Georgia law, likewise, construes ambiguous contract language against the drafter), citing *Richards v. Hanover Ins. Co*., 250 Ga. 613, 615 (1983)). The Plan and the Order of Confirmation must be construed against the Trustee/Plaintiff as the draftsman of those documents.

¶ U of the Order of Confirmation does not help the Trustee. The fact is that the Trustee sued these Defendants, not the other way around. The language of ¶ U clearly reflects an injunction against actions by others against the Released or Exculpate Parties, not a party defending a suit of a Retained Cause of Action by Plaintiff.  ¶ U ends with: "For the avoidance of doubt, all Retained Causes of Action are expressly preserved, and any Retained Causes of Action identified in the

Plan shall not constitute a Released Claim." Read with ¶ T of the Order of Confirmation, and the Plan provisions of the Releases and Injunctions and Causes of Action, the very clear impression is that these Defendants may assert their defenses and assert counterclaims that will act in the nature of set-off and recoupment.  To the extent Trustee asserts any confusion, the Court must read any ambiguity in favor of Defendants. See *In Re Fawcett* and *In Re Tucker, supra.*

This Adversary Proceeding was pending as of the Confirmation Hearing on December 18, 2023, the date that the Confirmation Order was entered on December 22, 2023, and December 29, 2023, the Effective Date of the Plan, as noticed by Plaintiff on January 4, 2024. Doc. No. 341, 365, 367. The Trustee therefore must have known that that the Retained Causes of Action included this Adversary Proceeding and must have known that this action was excluded from those provisions upon which he now seeks to use to dismiss Defendants counterclaims and *all* their affirmative defenses.

Trustee's cases cited to support his position are factually distinguishable and not binding on this Court. The case of *In Re Residential Capital, LLC* cited by the Trustee does not support the Trustee's position. The liquidating trust in *Residential Capital* sought to enforce the injunction as to a third party's claims against the debtor's parent. There was no issue of asserting set-off against the claims of the liquidating trust as successor to the debtor.  Similarly, the case of In Re Roman Catholic Diocese of Rockville Ctr., 652 B.R. 226 (Bankr.  S.D.N.Y. 2023) does not support Trustee's Motion. That case involved the disallowance of claims in the diocese's case, that were dealt with in the bankruptcy case of the Boys Scouts of America. Again, there were no issues of set-off and/or recoupment.

The case of *In Re Lykes Bros, S.S. Co*., 217 B.R. 304 (Bankr. M.D. Fl 1997) appears to be the only case in the 11th Circuit that supports Plaintiff's position of disallowing the affirmative

defense of set-off or the assertion of set-off as a counterclaim. However, in that case the US Government had appeared and negotiated a right of set-off for the IRS, but not for another U.S. agency. So, when that other agency asserted a right of set-off the debtor objected. The Court upheld the Debtor's objection, noting the Government's past actions. This case is factually distinguishable due to the fact that in this instant case, the Defendants did not file proofs of claim. *Matter of Henderson*, as previously discussed, is more in line with the majority view, that like here, as Defendants did not file a proof of claim and they did not waive the right to assert the set-off.

      1.  <u>MEC's Claims Should Not Be Dismissed</u>

Trustee argues facts not contained in the pleadings and which are not referenced in the pleadings, thus this Court should not consider them.  Cf. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); *Jackson Inv. Grp., LLC v. Thomas*, 325 F. Supp. 3d 1334, 1337 n.1 (N.D. Ga. 2017) ("On a motion to dismiss, the court may consider the full text of … documents integral to or incorporated by reference into the complaint …."). MEC's claims in its counterclaim are done to protect its interest in the claim of PFP.  There is no doubt though that MEC is a proper party and beneficiary of PFP's claims. As such Counterclaims I through IV should not be dismissed.

      2.  <u>Counterclaims VII and X Are Subject to Correction and Moot The Motion</u>

As noted, supra, Trustee accurately notes the typographical errors in the counterclaims of Defendants. Defendants will file a motion for leave to file its First Amended Answer, Affirmative Defenses and Counterclaims to address these typographical errors.

**III.    CONCLUSION**

This Court is a court of equity. As a court of equity, the Court should not grant the Motion to Dismiss the Counterclaims nor strike the affirmative defenses of these Defendants as a matter

of equity. *See e.g. Bloor*, 32 B.R. at 1002 (time-barred claims should be allowed as setoffs); *Wilson*, 134 F. Supp. at 306 (same); *see also e.g. Bernstein v. IDT Corp.*, 76 B.R. 275, 281 (Bankr. S.D.N.Y. 1987)(equity requires that the creditor be permitted to assert counterclaims).

The Plan and the Order of Confirmation specifically exclude the causes of action brought by the Trustee against these Defendants from the provisions of the Release and Injunction paragraphs. The assertions of defenses by the Defendants and the counterclaims, in the nature of set-off and recoupment, do not offend any plan provision or order of this Court.

WHEREFORE, for these reasons stated herein, Defendant hereby requests that the Court DENY Plaintiff's Motion to Dismiss. Further, should the Court grant any portion of the Motion to Dismiss after the 30 day period permitted for motions to amend the pleadings in the Scheduling Order, as amended [A.P. Doc. Nos. 20 and 21], entered in the Adversary Proceeding, Defendants requests that they  be granted without prejudice and with leave to file an Amended Answer and/or Amended Counterclaims to address any specific issues the Court may have with the Affirmative Defenses and the Counterclaim as currently pled.

Respectfully submitted,

**MCBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Ga. Bar No. 480993
Marie B. Belgioino, Ga. Bar No. 358411
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
(678) 733-9322 Telephone
lmcbryan@mcbryanlaw.com
mbelgioino@mcbryanlaw.com
**Attorney for Defendants Miles, MMI, MEC,
Mittere and Northwinds**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day electronically filed the foregoing **DEFENDANTS MEC CAPITAL, INC., MITTERE INC, MMI EDUCATIONAL TECHNOLOGIES, LLC, AND NORTHWINDS LEASING, INC.'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND MOTION TO STRIKE AFFIRMATIVE DEFENSES OF MEC CAPITAL, INC., MITTERE, INC., MMI EDUCATIONAL TECHNOLOGIES, LLC, AND NORTHWINDS LEASING, INC.** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the following parties in this case under the Bankruptcy Court's Electronic Case Filing Program:

The following parties were served by electronic notice:

Anna M. Humnicky      ahumnicky@smallherrin.com
David Wender           davidwender@eversheds-sutherland.com
Nathaniel DeLoatch     nathanieldeloatch@eversheds-sutherland.us

This 15th day of March 2024.

Respectfully submitted,

**MCBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Ga. Bar No. 480993
Marie B. Belgioino, Ga. Bar No. 358411
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
(678) 733-9322 Telephone
lmcbryan@mcbryanlaw.com
mbelgioino@mcbryanlaw.com
**Attorney for Defendants Miles, MMI, MEC, Mittere and Northwinds**