# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| CUREPOINT, LLC, | CASE NO. 22-56501-pmb |
| Debtor. | CHAPTER 11 |
| DAVID A. WENDER, in his capacity as CHAPTER 11 TRUSTEE, | |
| Plaintiff, | |
| v. | A.P NO. 23-5162-pmb |
| PHILLIP MILES, JAMILA DADABHOY, MEC CAPITAL, INC., MIETTERE, INC., MMI EDUCATIONAL TECHNOLOGIES, LLC, NORTHWINDS LEASING, INC., and PHYSICIAN FINANCIAL PARTNERS, LLC | |
| Defendants. | |
| PHYSICIAN FINANCIAL PARTNERS, LLC | |
| Counter-Plaintiff, | |
| v. | |
| DAVID A. WENDER, in his capacity as CHAPTER 11 TRUSTEE, | |
| Counter-Defendant. | |

# DEFENDANT/COUNTER-PLAINTIFF PHYSICIAN FINANCIAL PARTNERS, LLC'S SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT PHYSICIAN FINANCIAL PARTNERS, LLC

**NOW COMES** Physician Financial Partners ("**PFP**") defendant/counter-plaintiff in the above-captioned adversary proceeding (the "**Adversary Proceeding**") filed by David A. Wender in his capacity as Chapter 11 Trustee ("**Plaintiff/Counter-Defendant**") in the underlying bankruptcy case of CurePoint, LLC ("**Debtor**"), by and through its undersigned attorneys, and files this *Defendant/Counter-Plaintiff Physician Financial Partners, LLC's Sur-Reply* (this "**Sur-Reply**") *to Plaintiff's Reply in Support of Plaintiff's Motion to Dismiss Counterclaims and Strike Affirmative Defenses of Defendant Physician Financial Partners, LLC* (the "**Reply Brief**") [Doc. No. 28], showing the Court the following:

## INTRODUCTION

On March 29, 2024, Plaintiff/Counter-Defendant filed the Reply Brief in response to PFP's *Brief in Opposition* (the "**Opposition Brief**") [Doc. No. 24] *to Plaintiff's Motion to Dismiss Counterclaims and Strike Affirmative Defenses of Defendant Physician Financial Partners, LLC* (the "**Motion to Dismiss**") [Doc. No. 16]. The Reply Brief raised, for the first time, the following arguments: a) setoff is not allowed in voidable transfer actions; and b) the affirmative defense of recoupment is narrowly construed in bankruptcy and should not be allowed in this case because PFP failed to allege/show that its claims arose from the same transaction as Plaintiff/Counter-Defendant's claims (collectively, the "**New Arguments**"). In this Sur-Reply, PFP will only address the New Arguments.

2

**ARGUMENT AND CITATION OF LAW**

1. **The Court Should Decline to Address the New Arguments**

As an initial matter, a reply brief is not the appropriate vehicle for presenting new arguments or legal theories that could have been raised in the original motion. *WBY, Inc. v. Dekalb Cty.*, 695 Fed. Appx. 486, 491-92 (11th Cir. 2017) ("although [] did raise his current theory of probable cause in a reply brief in support of his motion for summary judgment, reply briefs are not a vehicle to present new arguments or theories"). In fact, the 11th Circuit has repeatedly admonished such practices and have found it appropriate for federal courts to decline to address same. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("[a]s we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court."); *see also WBY, Inc.*, 695 Fed. Appx. at 492 (court affirmed lower court's decision to decline to address new argument raised in reply brief, writing "it was within the district court's discretion to decline to address that theory[]"); *LeVi v. Dekel Gourmet, LLC.*, 2023 U.S. Dist. LEXIS 156857, at *10 (N.D. Ga. July 20, 2023) ("The Court may not consider Defendants' arguments raised for the first time in their Reply brief."); *Brown v. Life Univ., Inc.*, 2023 U.S. Dist. LEXIS 215286 at *3 (N.D. Ga. Dec. 1, 2023) ("[a]s Defendant correctly notes, Plaintiff's reply raises two new arguments …. The Court need not consider them."); *Rindfleisch v. Gentiva Health Servs., Inc.*, 22 F. Supp. 3d 1295, 1301 (N.D. Ga. 2014) ("[a]s a general rule, federal courts do not consider arguments that are presented for the first time in a reply brief ….").

In the instant case, Plaintiff/Counter-Defendant had every opportunity to raise the New Arguments in the Motion to Dismiss but chose not to do so. Plaintiff/Counter-Defendant should not be allowed to now raise the same in the Reply Brief and the Court should decline to entertain the New Arguments.

> **2.    To the Extent That the Court Wishes to Entertain the New Arguments, PFP Addresses Each in Turn**
>
> **(i)    PFP May Assert its Affirmative Defense of Setoff**

A creditor's right to setoff is preserved under § 553 of the Bankruptcy Code, which provides, in pertinent part,

> "(a) Except as otherwise provided in this section … this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that …."

11 U.S.C. § 553(a).

Indeed, § 553 only preserves otherwise valid setoff rights arising under nonbankruptcy law. *In re Patterson*, 967 F.2d 505, 509 (11th Cir. 1992) ("substantive law, usually state law, determines the validity of the right [to setoff.]"). Only after such right is established may the creditor claim § 553 setoff in defense, to wit the creditor must show: (1) the setoff involves a mutual debt such that both the creditor and the debtor owe each other money; (2) both sets of obligations arose prior to the bankruptcy filing; and (3) the setoff does not fall within the three exceptions of 11 U.S.C. § 553(a)(1)-(3). *Carlton Co. v. Jenkins (In re Jenkins)*, 2004 Bankr. LEXIS 1035 at *7 (Bankr. S.D. Ga. Mar. 30, 2004). While the Bankruptcy Code does not define "mutual," the term has been interpreted in the

4

context of § 553 to mean "'the entity that owes a debt is the same entity that is owed a debt." *Id.* A successful setoff defense will protect the creditor from even a preference and/or fraudulent transfer claim. *See* 5 Collier on Bankruptcy P 553.09 (2024) ("[i]n general, a [valid] prepetition setoff is not avoidable as a preference under section 547, or as a fraudulent transfer under section 548 or 544 …."); *In re Dillard Ford, Inc.*, 940 F.2d 1507, 1512 (11th Cir. 1991) (finding defendant could raise setoff in defense to trustee's preference claim, writing "the trustee argue[d] that the setoff was a voidable preference under section 547 of the Bankruptcy Code … [t]he lower courts correctly rejected this argument."); *Durham v. SMI Industries Corp.*, 882 F.2d 881, 882-83 (4th Cir. 1989) (reversed lower courts finding that debtor's check exchange with creditor within the 90 day preference period constituted an avoidable preference under § 547 because § 553 controlled and creditor's setoff defense was proper under same); *In re MCB Fin. Group, Inc.*, 461 B.R. 914, 920-21 (Bankr. N.D. Ga. 2011) ("no other provisions of the Code, including sections 547 or 548, can be used to avoid or otherwise destroy the right of setoff ….").

Contrary to the great weight of case law on the matter, however, Plaintiff/Counter-Defendant argues that PFP cannot assert its breach of contract and unjust enrichment claims in setoff to the preference and fraudulent transfer claims (Count XII through XIV) raised in the Complaint. Reply Brief, para. 15, 16, pg. 9. Specifically, Plaintiff/Counter-Defendant argues that PFP cannot show the "mutuality of obligation" requirement under § 553 because any such mutuality would have been between PFP and the Debtor and not Plaintiff/Counter-Defendant, as transferee of Debtor's preference and fraudulent transfer claims, citing *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. Llc*, 654 B.R. 224,

5

234 (Bankr. S.D.N.Y. 2023) ("'[t]he 'claims are not in the same right between the same parties, standing in the same capacity' where the claims underlying the purported right of setoff accrued prepetition and the 'liability for the fraudulent-transfer claim is held by the Trustee as a post-petition obligation."). To the extent that § 553 requires a showing of mutuality of obligations, PFP does not contend otherwise. PFP believes, however, that the court's reasoning in *Sec. Investor Prot. Corp.*, is flawed insofar as it treats the trustee and debtor as separate entities. By treating the trustee and the debtor as separate entities for the purposes of analysis under § 553, the court renders the provision superfluous. *See In re Morris*, 616 B.R. 499, 503 (Bankr. N.D. Miss. 2020) ("[a] reading of section 553 which renders it meaningless should be highly suspect."). Because a preference action may only be brought by a trustee (or the debtor-in-possession in a chapter 11 case) following the commencement of a bankruptcy case, a creditor would never be allowed to setoff the same. Such a construction of § 553 would place a creditor who otherwise has valid setoff rights in the unfair position of paying its debt to the debtor while only being entitled to receive a fraction of the money the debtor owes it. *See In re Patterson*, 967 F.2d at 508 ("[t]he purpose of setoff is to avoid 'the absurdity of making A pay B when B owes A."); *In re MCB Fin. Group, Inc.*, 461 B.R. at 921 ("the plain language of section 553(a) provides that section 547 is not applicable to setoff rights"); *see also In re Moses*, 91 B.R. 994, 996 (Bankr. M.D. Fl. 1988) ("Congress sanctioned the exercise of setoff as a permissible preference by enacting Section 553 of the Bankruptcy Code, without which, arguably, any attempt to offset a mutual debt and claim between the estate and a creditor would amount

6

to a preference under Section 547 …. Once the right of setoff has been established, Section 547 of the Code cannot be utilized.").

It should be further noted that, at least in the 11th Circuit, the Court of Appeals has found that the mutuality of obligation requirement is to be determined under applicable nonbankruptcy law.  *See In re Patterson*, 967 F.2d at 510 ("[t]hus whether mutuality obligation was present is an issue of Alabama law because § 553 requires, but does not define, mutuality.").  Under Georgia law, the right to setoff, "if the demands are 'mutual' and 'of the same nature,' is not limited to mutual dealings, and need not arise between the same parties."  *Wood v. Keysville Lumber Co.*, 49 Ga. App. 799, 800 (1934) (defendant could raise setoff in defense to plaintiff's, as transferee from a trustee of a bankrupt, claim to recover a $250.00 check made by the bankrupt to payee-indorser even though defendant had no relationship to the plaintiff and/or the bankrupt because he received the right to assert setoff as it related to the $250.00 check from payee-indorser, who had such right); *Meyer v. Hiatt*, 40 Ga. App. 583, 586 (1929) ("[a] defendant, in order to plead set-off, must obtain such a title to the chose in action as would enable him to sue upon it either in his own name or in the name of another for his use.").  Thus, under Georgia law, the mutuality of obligation requirement may be met even if the parties to the suit are not the same parties who initially held the competing claims, so long as there was a valid transfer/assignment of the claims.  Here, Plaintiff/Counter-Defendant is the transferee of Debtor's claims and PFP may assert setoff in defense against same.

To the extent that Plaintiff/Counter-Defendant contends that PFP's setoff defense also fails because its claims arose pre-petition while his claims for preference and

7

fraudulent transfer arose post-petition, he is wrong. It is PFP's position that while the distinction may be present as a general matter, it is an immaterial distinction when analyzing setoff under § 553. *See In re Moses*, 91 B.R. 994 at 996; *In re MCB Fin. Group, Inc.*, 461 B.R. at 921. Indeed, countless courts have found that a valid setoff under § 553 may offset a trustee's preference and/or fraudulent transfer claims notwithstanding any such distinction.

In *In re Dillard Ford*, the Debtor, Dillard Ford, filed for chapter 7 liquidation and a trustee was appointed to administer the case. *In re Dillard Ford*, 940 F.2d at 1510. The trustee then initiated an adversary proceeding against the creditor, Ford Credit, to recover certain transfers Ford Credit received from the debtor within the 90 day preference period under § 547 of the Code, to wit the creditor claimed setoff in defense. *Id*. The trustee argued that the setoff was a voidable preference under § 547 of the Code, but both the bankruptcy and district court rejected same, finding that § 553 controlled all matter relating to setoff. *Id.* at 1512. The lower courts, however, ultimately allowed the trustee to recover the transfers because they found the setoff improper. *Id*. The 11the Circuit Court of Appeals disagreed and reversed, finding that Ford Credit's setoff defense, having met all the requirements under § 553, was permitted under same and thus trustee could only recover the 'insufficiency' of the transfer, which is defined in § 553(b)(2) as the amount by which a party's credit against the debtor exceeded its mutual debt to the debtor at the time the setoff was effected.

Likewise, in *Durham*, 882 F.2d 881, which case PFP contends is most similar to this instant case, the court also allowed a setoff defense in the face of a trustee's preference

8

claim. In *Durham*, the debtor and creditor had engaged in substantial business with one another and sold each other materials on an open account. *Id.* at 881. As their debts to one another grew, and in efforts to reduce same, debtor and creditor would either make mutual accounting entries cancelling corresponding debts and credits, or they would exchange checks for the outstanding balances. *Id.* at 882. Less than 90 days after the last check exchange between the two, debtor filed for bankruptcy under Chapter 7. *Id.* A chapter 7 trustee was appointed and eventually filed an adversary proceeding for preferential transfer under 11 U.S.C. § 547(b) in the amount of $273,137.62, which amount representing the total amount debtor transferred to creditor in that final check exchange. *Id.* The creditor asserted setoff in defense and the court found in favor, concluding "[t]he check exchange was a proper setoff …."

Here, Plaintiff/Counter-Defendant and PFP do not dispute that Georgia law applies. PFP has valid setoff rights under Georgia law. *See* O.C.G.A. § 13-7-1, *et. seq.* This right is preserved under § 553, and PFP may assert same in defense of Plaintiff/Counter-Defendant's preference and fraudulent transfer claims because 1) there exists a mutual debt (a fact that Plaintiff/Counter-Defendant does not appear to dispute) between the same parties (to wit Plaintiff/Counter-Defendant argues to the contrary but which argument should be dismissed for the reasons stated above); 2) the debts arose pre-petition; and 3) Plaintiff/Counter-Defendant does not argue that any of the exceptions to § 553 applies. For the foregoing reasons, the court should reject the New Arguments and deny the Motion to Dismiss.

### (ii) PFP's Claims Arise From the Same Transaction

The doctrines of setoff and recoupment are similar but distinct. The extent a particular transaction cannot be subject to both setoff and recoupment, PFP is permitted to plead in the alternative. Under the doctrine of recoupment, "a defendant may deduct its claim from the amount the plaintiff could otherwise recover if the claim arises out of the same transaction or subject matter on which the plaintiff sued." *In re Advanced Tissue, LLC*, 649 B.R. 326, 329-30 (Bankr. E.D. Ark. 2023). The term "transaction" is given a "liberal and flexible construction, and may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Cooper v. SSA (In re Cooper)*, 2024 Bankr. LEXIS 91 at *12 (B.A.P. 9th Cir. Jan. 16, 2024). "While there is no binding test in the 11th circuit to determine whether claims arose from the 'same transaction,' the 'integrated transaction' test is most often used by courts in this circuit." *Beacham v. Beacham (In re Beacham)*, 2020 Bankr. LEXIS 732 at *2-3 (Bankr. N.D. Ga. Mar. 23, 2020).

Under the integrated transaction test, courts ask "whether the obligations in question 'arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations." *Id.* at *3. The test does not require the transaction between the two parties to be immediate and contemplates even discrete and independent payments made at various times so long as the same all stem from an overall contract between the parties. *See Miller v. Zurich Am. Ins. Co. (In re WL Holmes LLC)*, 563 B.R. 512, 517 (Bankr. D. Del. 2017); *In re Bill Heard Enters.*, 400 B.R. 813, 822-23 (Bankr. N.D. Ala. 2009) (allowed defendant to recoup its

damages for debtors' breach of contract using the funds it held for debtors under the same contract even though the funds arose and were collected at various times because "it would be inequitable to allow the debtors … to obtain the funds owed under the dealership franchise agreements without first allowing [defendant] to recoup its damages arising from the [debtors'] breaches of the same agreements."); *GMC v. Perry Gas Cos.*, 279 B.R. 824, 825 (S.D. Tex. 2002) ("although the claims arose at different times, both arose out of a single contract, and the times are coterminous.").

PFP contends that *all* of its and Plaintiff/Counter-Defendant's claims arise from that long-standing agreement between PFP and Debtor where either one could request financial assistance from the other to be paid back in kind (the "**Due To Due From Agreement**"). PFP's breach of contract and unjust enrichment claims against Debtor are for monies that it advanced to Debtor under the Due To Due From Agreement. Plaintiff/Counter-Defendant's preference and fraudulent transfer claims against PFP all allege that Debtor transferred certain of its monies to PFP during the applicable preference/fraudulent transfer time periods. These transfers were made pursuant the Due To Due From Agreement. In fact, a proper accounting of Debtor's accounts will show that PFP advanced, to date, $26,500.00 in financial assistance to Debtor and that Debtor has not paid back these advancements in kind, not to mention the $750,000.00 judgment credit that PFP allowed Debtor, upon Debtor's request and pursuant to the Due To Due From Agreement, to utilize and reduce its liabilities following a disfavorable ruling in a pre-petition litigation suit.

Plaintiff's breach of contract and breach of fiduciary duties claims, insofar as they relate to the operating agreement between PFP and Debtor and concern the MCA's (as

11

defined in the Complaint), are also related to the Due To Due From Agreement as the funds Debtor received therefrom were transferred out of its account pursuant to the Due To Due From Agreement. Given the foregoing, it would be inequitable to allow Debtor to retain the benefits it received from the Due To Due From Agreement without meeting its obligations under same.

## CONCLUSION

Based on the foregoing, PFP respectfully request the court to exercise its discretion and decline to address the New Arguments and, to the extent that the court decides otherwise, to find the New Arguments lacking and deny the Motion to Dismiss.

Respectfully submitted this 18th day of April 2024.

**SMALL HERRIN, LLP**
*Counsel for Physician Financial Partners, LLC*

By: ___/s/ Andy T. Nguyen_____
   Anna M. Humnicky
   GA Bar No. 377850
   Q. Andy T. Nguyen
   GA Bar No. 729256

100 Galleria Parkway
Suite 350
Atlanta, GA 30339
(P): (770) 783-1800
ahumnicky@smallherrin.com
anguyen@smallherrin.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> CUREPOINT, LLC, <br><br> Debtor. | CASE NO. 22-56501-pmb <br><br> CHAPTER 11 |
| DAVID A. WENDER, in his capacity as CHAPTER 11 TRUSTEE, <br><br> Plaintiff, <br><br> v. <br><br> PHILLIP MILES, JAMILA DADABHOY, MEC CAPITAL, INC., MIETTERE, INC., MMI EDUCATIONAL TECHNOLOGIES, LLC, NORTHWINDS LEASING, INC., and PHYSICIAN FINANCIAL PARTNERS, LLC <br><br> Defendants. | A.P NO. 23-5162-pmb |
| PHYSICIAN FINANCIAL PARTNERS, LLC <br><br> Counter-Plaintiff, <br><br> v. <br><br> DAVID A. WENDER, in his capacity as CHAPTER 11 TRUSTEE, <br><br> Counter-Defendant. | |

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the date below, the foregoing *DEFENDANT/COUNTER-PLAINTIFF PHYSICIAN FINANCIAL PARTNERS, LLC'S SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT PHYSICIAN FINANCIAL PARTNERS, LLC* was electronically filed with the Court using the Bankruptcy Court's Electronic Case Filing program which sends a notice of the above-listed document and an accompanying link to the document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Nathaniel DeLoatch – nathanieldeloatch@eversheds-sutherland.us

Louis G. McBryan – lmcbryan@mcbryanlaw.com; alepage@mcbryanlaw.com

David Wender – davidwender@eversheds-sutherland.com

With a courtesy copy to: valeriesanders@eversheds-sutherland.com

This 18th day of April 2024.

**SMALL HERRIN, LLP**
*Counsel to Physician Financial Partners, LLC*

By: ___/s/ Andy T. Nguyen_____
    Q. Andy T. Nguyen
    GA Bar No. 729256

100 Galleria Parkway
Suite 350
Atlanta, GA 30339
(P): (770) 783-1800
anguyen@smallherrin.com