UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CUREPOINT, LLC, | ) | CHAPTER 11 |
| | ) | |
|    Debtor. | ) | CASE NO. 22-56501-pmb |
| _____ | ) | |
| DAVID A. WENDER, in his capacity as | ) | |
| Chapter 11 Trustee, and in his capacity as | ) | |
| Trustee of the Liquidation Trust, | ) | |
| | ) | |
|    Plaintiffs, | ) | ADVERSARY PROCEEDING |
| | ) | CASE NO. 23-05162-pmb |
| v. | ) | |
| | ) | |
| PHILLIP MILES, JAMILA DADABHOY, | ) | |
| MEC CAPITAL, INC., MITTERE INC, MMI | ) | |
| EDUCATIONAL TECHNOLOGIES, LLC, | ) | |
| NORTHWINDS LEASING, INC. AND | ) | |
| PHYSICIAN FINANCIAL PARTNERS, LLC, | ) | |
| | ) | |
|    Defendants. | ) | |
| _____ | ) | |
| MEC CAPITAL, INC., MITTERE INC, MMI | ) | |
| EDUCATIONAL TECHNOLOGIES, LLC, | ) | |
| NORTHWINDS LEASING, INC, JAMILA | ) | |
| DADABHOY, and PHYSICIAN FINANCIAL | ) | |
| PARTNERS, LLC, | ) | |
| | ) | |
|    Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID A. WENDER, in his capacity as | ) | |
| CHAPTER 11 TRUSTEE, and in his capacity | ) | |
| as LIQUIDATION TRUSTEE, | ) | |
| | ) | |
|    Counter-Defendants. | ) | |
| _____ | ) | |

**JOINT MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 12(e), Defendants Phillip Miles, Jamila Dadabhoy, MEC Capital, Inc., Mittere Inc., MMI Educational Technologies, LLC, Northwinds Leasing, Inc. and Physician Financial Partners, LLC (the "Defendants") request that this Court order David A. Wender, in his capacity as Chapter 11 Trustee and in his capacity as the Trustee of the Liquidation Trust (the "Plaintiffs") to provide a more definite statement of his First Amended and Restated Complaint because it contains ambiguities that prevent the Defendants from reasonably addressing whether the Plaintiff has standing to bring the claims in the First Amended and Restated Complaint against them and in which capacity the Plaintiff is asserting each claim.

In the *Motion for Leave to File First Amended and Restated Complaint, Substitute Liquidating Trustee as Plaintiff and Extending Time to Respond* (the "Motion to Amend and Substitute"), Mr. Wender in his capacity as Chapter 11 Trustee of Curepoint (the "Chapter 11 Trustee") and Liquidating Trustee of the Curepoint Liquidation Trust (the "Liquidating Trustee") "moves for [] substitution of the Liquidating Trustee as the Plaintiff." [Doc. No. 50, p. 1]. However, in Paragraph 5 of the Motion to Amend and Substitute there is no mention of the substitution of Mr. Wender in his capacity as the Chapter 11 Trustee for Mr. Wender in his capacity as the Liquidating Trustee in the First Amended and Restated Complaint and it discusses ***including*** Mr. Wender in his role as the Liquidating Trustee. Id. at p. 3.  Then Paragraph 6 of the Motion to Amend and Substitute changes direction and requests the substitution of Mr. Wender in his capacity as the Chapter 11 Trustee with Mr. Wender in his capacity as the Liquidating Trustee. Id.

In the proposed First Amended and Restated Complaint, Plaintiff appears in the case caption as Mr. Wender in his capacity as the Chapter 11 Trustee [Doc. No. 50, p. 13]. However, in the filed First Amended and Restated Complaint, Plaintiff appears in the case caption as Mr.

Wender in his capacity as the Liquidating Trustee but in the introductory paragraph the defined term "Plaintiff" includes Mr. Wender in **both** capacities. [Doc. No. 52, p. 1].

As indicated in Paragraph 6 of the First Amended and Restated Complaint and cited to by Mr. Wender, the confirmation order issued by the court on December 22, 2023, stated that the Plan provides that, on the Effective date, the Liquidation Trust Assets shall be conveyed and or assigned to the Liquidation Trust, including "(ii) the Retained Causes of Action…" (Plan Art.IV. C.1). The Effective Date occurred on December 29, 2023 (D.I. 367). Consequently, on that date, the Debtor and/or the Chapter 11 Trustee's rights and interests against the above-captioned case defendants were transferred to the Liquidation Trust. Therefore, Mr. Wender in his capacity as the Liquidating Trustee should be the Plaintiff now in the above captioned case.

On October 11, 2023, Mr. Wender in his capacity as the Chapter 11 Trustee filed a complaint in the above-styled Adversary Proceeding against Defendants alleging among other claims: fraud and other tort claims against Defendants. As indicated in Paragraph 6 of the First Amended and Restated Complaint and cited to by Mr. Wender, the confirmation order issued by the Court on December 22, 2023, stating that the Plan provides that on the Effective d=Date, the Liquidation Trust Assets shall be conveyed and or assigned to the Liquidation Trust, including "(ii) the Retained Causes of Action…" (Plan Art.IV. C.1). The Effective Date occurred on December 29, 2023 (D.I. 367). Consequently, on that date, the Debtor and/or the Chapter 11 Trustee's rights and interests against the above-captioned case defendants were transferred to the Liquidation Trust. Therefore, Mr. Wender in his capacity as the Liquidating Trustee should be the Plaintiff now in the above captioned case but the stated substitution did not occur upon the filing of the First Amended and Restated Complaint.

With the plan confirmation order on December 22, 2023, the Debtor's and/or the Chapter 11 Trustee's rights and interests against Defendants were assigned to the Liquidating Trust. Mr. Wender filed the First Amended and Restated Complaint in the above-styled Adversary Proceeding against Defendants *adding* himself in his capacity as the Liquidating Trustee without substituting himself in his capacity as the Chapter 11 Trustee. [Doc. No. 52, p. 1].

I.  **ARGUMENT AND CITATION TO AUTHORITY**

    A. **A More Definite Statement Is Appropriate When The Defendant Cannot Reasonably Prepare A Response Because The Complaint Is Ambiguous**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." When a "'defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement.'" *Potts v. Howard University*, 269 F.R.D. 40, 42 (D.D.C. 2010) (quoting *Am. Nurses' Ass'n v. Illinois,* 783 F.2d 716, 725 (7th Cir. 1986)). "A motion for a more definite statement is proper if the pleading does not contain enough information to frame a responsive pleading". *Barnett v. Bailey*, 956 F.2d 1036, 1043 (11th Cir.1992).

Here, the Motion for Amend and Substitute is inconsistent with the assertions of the First Amended and Restated Complaint. First, while the Motion requests the substitution of the Chapter 11 Trustee with the Liquidating Trustee, the First Amended and Restated Complaint does not substitute the Chapter 11 Trustee with the Liquidating Trustee, but rather adds the Liquidating Trustee. Second, the modification to the section titled "Parties" in paragraphs 6 and 7 of the First Amended and Restated Complaint have not been incorporated into any of the Counts of the First Amended and Restated Complaint. As a result, the Defendants are unclear about who is the Plaintiff in the First Amended and Restated Complaint and, more importantly, the Defendants are

also unclear about in which capacity, the Chapter 11 Trustee or the Liquidating Trustee, Mr. Wender asserts he has standing to bring the "Retained Causes of Action" [1] against the Defendants transferred pursuant to the plan confirmation order.

### B. The First Amended and Restated Complaint Is Ambiguous About Who is the Plaintiff

Plaintiff must have standing to assert claims against the Defendants. Who is the Plaintiff affects the standing issue and the Defendants are not able to answer the First Amended and Restated Complaint as currently pled.

Here, the plan confirmation order has transferred all Retained Causes of Action from the Chapter 11 Trustee to the Liquidating Trustee. The Plan provides that "on the Effective Date, the Liquidation Trust Assets shall be conveyed or assigned to the Liquidation Trust, including "…(ii) the Retained Causes of Action…" (Plan Art.IV. C1). The Effective Date occurred on December 29, 2023. (D.I 367). Consequently, on that date, the Debtor's and/or Chapter 11 Trustee's rights and interests against the above-captioned defendants were transferred to the Liquidation Trust.

Therefore, Mr. Wender in his capacity as the Chapter 11 Trustee should not be the Plaintiff in the above captioned case because, since the Effective Date on December 29, 2023, the Retained Causes of Action were transferred to the Liquidation Trust and do not belong to the Debtor's bankruptcy estate and/or the Chapter 11 Trustee anymore. Consequently, these Causes of Action can only be pursued by the representative of the Liquidation Trust, which should be Mr. Wender in his capacity as the Liquidating Trustee in substitution of Mr. Wender in his capacity as the Chapter 11 Trustee.

However, the language used in the First Amended and Restated Complaint is not clear and states "David A. Wender, in his capacity as the Chapter 11 Trustee of Debtor Curepoint, LLC (the

---

[1] Paragraph 6 of the First Amended and Restated Complaint

"Debtor") **_and_** as the Liquidating Trustee of the Curepoint Liquidation Trust (the "Plaintiff")" (emphasis added), creating confusion for the Defendants, in as much as they are not able to determine who is the Plaintiff and move accordingly to frame a responsive pleading based on the standing of the Plaintiff.

Moreover, none of the modifications made in the Paragraphs 6 and 7 of the First Amended and Restated Complaint[2] relating to the "Parties" have been incorporated into any of the Counts of the First Amended and Restated Complaint making it even more confusing to determine who is the Plaintiff in the above captioned case.

Consequently, without any incorporation of the modification related to the "Parties" section of the First Amended and Restated Complaint into any of the Counts of the First Amended and Restated Complaint and with no substitution of the Plaintiff in the First Amended and Restated Complaint, Mr. Wender in his capacity as the Chapter 11 Trustee seems to remain a Plaintiff in the above captioned adversary proceeding while no Retained Causes of Action belong to him in his capacity as Chapter 11 Trustee anymore due to the transfer of the same by the plan confirmation order to the Liquidation Trust.

---

[2] §6. of the First Amended and Restated Complaint states that "The Trustee is the trustee of the Debtor's bankruptcy estate pursuant to the order entered by the Court on October 19, 2022. (DI 108). On December 22, 2023, the Court entered in the main case its Findings of Facts, Conclusions of Law, and Order Confirming the Chapter 11 Trustee's Plan of Liquidation for Curepoint, LLC (D.I. 365) (the "Confirmation Order"), confirming the Chapter 11 Trustee Chapter 11 Plan of Liquidation for Curepoint, LLC (D>I 312) (the "Plan"). The Plan provides that "on the Effective Date, the Liquidation Trust Assets shall be conveyed or assigned to the Liquidation Trust, including "…(ii) the Retained Causes of Action…" (Plan Art.IV. C1). The Effective Date occurred on December 29, 2023. (D.I 367). Consequently, on that date, the Debtor's and/or Chapter 11 Trustee's rights and interests against the above-captioned defendants were transferred to the Liquidation Trust.
§7. of the First Amended and Restated Complaint states that "The Confirmation Order provides that Mr. Wender is (i) authorized to appear and be heard on all matters relating to the Chapter 11 Case as a representative of the Liquidation Trust, the Debtor, and/or the Estate, as appropriate and (ii) vested with all power and authority set forth in the Plan and Liquidation Trust Agreement and otherwise as is necessary or proper to carry out the provisions of the Plan or the Liquidation trust Agreement, as applicable" (Confirmation Order // F).

## II.     CONCLUSION

Because the First Amended and Restated Complaint is ambiguous regarding who is the Plaintiff, between David A. Wender in his capacity as Chapter 11 Trustee and in his capacity as Liquidating Trustee, the Defendants cannot reasonably frame their responsive pleading as to respond whether the Plaintiff has standing to bring claims against Defendants. Thus, a more definite statement is necessary.

Respectfully submitted,

**MCBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Ga. Bar No. 480993
Marie B. Belgioino, Ga. Bar No. 358411
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
(678) 733-9322 Telephone
lmcbryan@mcbryanlaw.com
mbelgioino@mcbryanlaw.com
**Attorney for Defendants Miles, MMI, MEC, Mittere and Northwinds**


**SMALL HERRIN, LLP**

By: /s/Anna M. Humnicky
Anna M. Humnicky, GA Bar No. 377850
Q. Andy T. Nguyen, GA Bar No. 729256
100 Galleria Parkway, Suite 350
Atlanta, GA 30339;
(770) 783-1800
ahumnicky@smallherrin.com
anguyen@smallherrin.com
**Attorneys for Jamilla Dadabhoy and Physician Financial Partners, LLC**

## **CERTIFICATE OF SERVICE**

    This is to certify that I have on this day electronically filed the foregoing **JOINT MOTION FOR A MORE DEFINITE STATEMENT** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

The following parties were served by electronic notice:

| | |
|---|---|
| Anna M. Humnicky | ahumnicky@smallherrin.com |
| David Wender | davidwender@eversheds-sutherland.com |
| Nathaniel DeLoatch | nathanieldeloatch@eversheds-sutherland.us |

This 29th day of April 2024.

                                        Respectfully submitted,

                                        **MCBRYAN, LLC**

                                        /s/Louis G. McBryan
                                        Louis G. McBryan, Ga. Bar No. 480993
                                        Marie B. Belgioino, Ga. Bar No. 358411
                                        6849 Peachtree Dunwoody Road
                                        Building B-3, Suite 100
                                        Atlanta, GA 30328
                                        (678) 733-9322 Telephone
                                        lmcbryan@mcbryanlaw.com
                                        mbelgioino@mcbryanlaw.com
                                        **Attorney for Defendants Miles, MMI, MEC, Mittere and Northwinds**