## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| CUREPOINT, LLC, | CASE NO. 22-56501-pmb |
| Debtor. | CHAPTER 11 |

---

| | |
|---|---|
| DAVID A. WENDER, in his capacity as the Trustee of the Curepoint Liquidation Trust, | |
| Plaintiff, | |
| v. | A.P NO. 23-5162-pmb |
| PHILLIP MILES, JAMILA DADABHOY, MEC CAPITAL, INC., MITTERE, INC., MMI EDUCATIONAL TECHNOLOGIES, LLC, NORTHWINDS LEASING, INC., and PHYSICIAN FINANCIAL PARTNERS, LLC | |
| Defendants. | |

---

| |
|---|
| PHYSICIAN FINANCIAL PARTNERS, LLC, |
| Counter-Plaintiff, |
| v. |
| DAVID A. WENDER, in his capacity as Trustee of the Curepoint Liquidation Trust, |
| Counter-Defendant. |

**ANSWER AND COUNTERCLAIM TO THE SECOND AMENDED AND
RESTATED COMPLAINT FILED BY DAVID A. WENDER IN HIS CAPACITY
<u>AS THE TRUSTEE OF THE CUREPOINT LIQUIDATION TRUST</u>**

**NOW COMES** Physician Financial Partners, LLC ("**PFP**" or "**Defendant**")
Defendant and Counter-Plaintiff, in the above styled adversary proceeding, and hereby files
this *Answer and Counterclaim to the Second Amended and Restated Complaint Filed by
David A. Wender* (the "**Trustee**") *in his Capacity as the Trustee of the Curepoint
Liquidation Trust* showing this Honorable Court as follows:

<u>**JURY DEMAND**</u>

Defendant herewith demands a jury trial on all issues so triable respecting Plaintiff's
Complaint and Defendant's Answer and Counterclaim.

**FIRST DEFENSE**

The Court lacks jurisdiction to enter final orders and/or judgments in the above-
captioned matter.

**SECOND DEFENSE**

The Complaint should be dismissed due to lack of subject matter jurisdiction.

**THIRD DEFENSE**

Plaintiff's Complaint fails to state a cause of action for which relief may be granted.

**FOURTH DEFENSE**

The Complaint should be dismissed to the extent Plaintiff or his predecessor in
interest has failed to satisfy all required conditions precedents prior to asserting such
claims.

2

**FIFTH DEFENSE**

The Complaint should be dismissed due to waiver and/or laches.

**SIXTH DEFENSE**

The Complaint should be dismissed due to estoppel.

**SEVENTH DEFENSE**

The Complaint should be barred, in whole or in part, by the Statute of Frauds.

**EIGHTH DEFENSE**

The Complaint should be dismissed, in whole or in part, by the doctrine of issue

preclusion, res judicata and/or collateral estoppel.

**NINTH DEFENSE**

Plaintiff has failed to plead sufficient facts to establish venue in this Court.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the fact that Defendant, at

all times relevant to the allegations contained in the Complaint, acted with reasonable care

in performance of any and all duties.

**ELEVENTH DEFENSE**

The relief sought in the Complaint is barred, in whole or in part, by the doctrine of

offset and/or recoupment.

**TWELFTH DEFENSE**

The relief sought in the Complaint is barred, in whole or in part, due to payment.

3

### THIRTEENTH DEFENSE

The relief sought in the Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

### FOURTEENTH DEFENSE

The relief sought in the Complaint is barred, in whole or in part, due to a release.

### FIFTEENTH DEFENSE

The relief sought in the Complaint is barred by the doctrine of unclean hands.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part due to Plaintiff's predecessor in interest's bad faith actions.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part due to Plaintiff's predecessor in interest's failure to mitigate.

### EIGHTEENTH DEFENSE

Plaintiff's alleged damages have been caused by the acts and/or omissions of individuals and entities other than Defendant, including but not limited to Plaintiff's predecessor in interest, Mark McCord, the McCord family, and their related entities, and Defendant's liability, if any, should be reduced accordingly.

### NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to join an indispensable party or parties.

4

### TWENTIETH DEFENSE

Defendant's alleged liability has been excused in whole or in part due to actions of other parties, including but not limited to Plaintiff's predecessor in interest, Mark McCord, the McCord family, and their related entities, an act of God and/or extraordinary circumstances otherwise beyond anyone's control.

### TWENTY FIRST DEFENSE

One or more of Plaintiff's claims are barred by the doctrine of *In Pari Delicto*.

### TWENTY SECOND DEFENSE

The liability, if any, of Defendant is several and not joint and several and based upon its own acts and not the acts of others.

### TWENTY THIRD DEFENSE

All possible affirmative defenses may not have been alleged herein insofar as facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend its Answer to the Complaint to allege additional affirmative defenses if subsequent investigation warrants.

### TWENTY FOURTH DEFENSE

It has been necessary for the Defendant to employ the services of an attorney to defend the action and a reasonable sum should be allowed Defendant for attorney's fees and all incurred costs of the suit.

### TWENTY FIFTH DEFENSE

As a Twenty Fifth Defense and in specific answer to the allegations set forth in Plaintiff's Complaint, Defendant shows as follows:

## <u>JURISDICTION AND VENUE</u>

1.      In answering this Paragraph of the Complaint, Defendant admits that this adversary proceeding relates to the Chapter 11 case, *In re Curepoint, LLC*, Case No. 22-56501-pmb, filed in this Court. However, answering further, Defendant does not consent to this Court entering final orders and/or any judgments related to this adversary proceeding and, therefore, denies that this Court has subject matter jurisdiction of this Adversary Proceeding.

2.      In answering this Paragraph of the Complaint, Defendant admits that the District Court of the Northern District of Georgia is the proper venue for this adversary proceeding. However, answering further, Defendant does not consent to this Court entering final orders and/or any judgments related to this adversary proceeding and, therefore, denies that this Court, the Bankruptcy Court for the Northern District of Georgia, is the proper venue for this adversary proceeding.

3.      In answering this Paragraph of the Complaint, Defendant admits that the claims asserted against her in the Complaint are core proceedings pursuant to 11 U.S.C. § 157(b). However, answering further, Defendant states that it does not consent to this Court entering final orders and/or any judgments related to this adversary proceeding and, therefore, denies that this Court, the Bankruptcy Court for the Northern District of Georgia, can enter final orders and/or judgments against it related to this adversary proceeding.

4.      Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

5.    Defendant does not consent to the entry of final orders or judgments by the Bankruptcy Court.

<u>**PARTIES**</u>

6.    Defendant denies that Plaintiff was appointed as the liquidating trustee of the Curepoint Liquidation Trust on October 19, 2022. Answering this paragraph further, Defendant admits that counsel for Plaintiff's predecessor in interest filed a Notice with the Court in the main Chapter 11 bankruptcy case for Curepoint, LLC, indicating that the Effective Date of the confirmed plan occurred on December 29, 2023, at 11:59 p.m., however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Effective Date in fact occurred on December 29, 2023 at 11:50 p.m. Answering this paragraph further, Defendant admits the remaining allegations contained in this Paragraph of the Complaint.

7.    Defendant admits the allegations contained in this Paragraph of the Complaint.

8.    Defendant admits the allegations contained in this Paragraph of the Complaint.

9.    Defendant admits the allegations contained in this Paragraph of the Complaint.

4855-3035-6681, v. 1

10.     Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

11.     Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations in this Paragraph of the Complaint as stated.

12.     Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

13.     Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further Defendant admits the allegations contained in this Paragraph of the Complaint to the extent that Mittere is a Georgia corporation and its registered agent is Phillip Miles, with a registered address of 300 Hayward Lane, Alpharetta, Georgia, 30022. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and

8

accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

14.    Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion.  Answering further Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

15.    Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion.  Answering further Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

16.    Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further Defendant admits the allegations contained in this Paragraph of the Complaint to the extent that Defendant is a Georgia limited liability company and its registered agent is Phillip Miles, with a registered address of 300 Hayward Lane, Alpharetta, Georgia, 30022.

9

## FACTUAL BACKGROUND

17.     Defendant admits that Debtor provided cancer treatment including radiation oncology at the Bellevue Address. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint, as stated.

18.     Defendant denies the allegations contained in this Paragraph of the Complaint, as stated.

19.     Defendant denies the allegations contained in this Paragraph of the Complaint, as stated.

20.     Defendant admits that a copy of Debtor's operating agreement is attached to the Complaint as Exhibit A. However, answering further, the operating agreement speaks for itself with respect to the terms, construction, and legal enforceability.

21.     Defendant admits that the ownership of Debtor is as stated in this Paragraph of the Complaint. Answering further, Defendant states that the first amendment to Debtor's operating agreement speaks for itself with respect to the terms, construction, and legal enforceability.

22.     Defendant admits that Jamila Dadabhoy was the sole manager of Defendant as of the date of the hearing on the Motion to Appoint Trustee filed in Debtor's bankruptcy case. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint, as stated.

23.     Defendant admits that a copy of transcript from the hearing on the Motion to Appoint Trustee is attached to the Complaint as Exhibit B. However, answering further, the transcript speaks for itself with respect to the statements made on the record,

10

including testimony, during the hearing.

24.     Defendant denies the allegations contained in this Paragraph of the Complaint, as stated.

25.     Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

26.     Defendant admits that a copy of the transcript from Mr. Miles' deposition is attached to the Complaint as Exhibit C. However, answering further, the transcript speaks for itself with respect to the statements made on the record, including testimony, during the deposition.

27.     Defendant admits that Mr. Miles testified at the Meeting of Creditors that he is the 100% owner of MEC. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

28.     Defendant admits that a copy of transcript from the Meeting of Creditors for Debtor's bankruptcy case is attached to the Complaint as Exhibit D. However, answering further, the transcript speaks for itself with respect to the statements made on the record, including testimony, during the meeting.

29.     Defendant admits that Mr. Miles testified at the hearing on the Motion to Appoint Trustee that Ms. Dadabhoy was President, Secretary and Chief Operating Officer of MEC as of the date of the hearing. Answering further, the transcript speaks for itself with respect to the statements made on the record, including testimony, during the

11

hearing. Answering further, Defendant denies that Ms. Dadabhoy was in fact the President or the Chief Operating Officer of MEC, as of the date of the hearing, but admits that Ms. Dadabhoy was in fact the Secretary of MEC, as of the date of the hearing. Therefore, Defendant denies the allegation in this Paragraph of the Complaint, as stated, except as to Ms. Dadabhoy's role as Secretary of MEC as of the date of the hearing.

30.    Defendant denies that Mr. Miles testified at the meeting of creditors that he was in fact a 50% owner of Mittere. Answering further, the transcript speaks for itself with respect to the statements made on the record, including testimony, during the meeting. However, answering further, Defendant admits that Mr. Miles is a 50% owner of Mittere.

31.    Defendant denies that Mr. Miles testified at the meeting of creditors that Ms. Dadabhoy was in fact a 50% owner of Mittere. Answering further, the transcript speaks for itself with respect to the statements made on the record, including testimony, during the meeting. However, answering further, Defendant admits that Ms. Dadabhoy is a 50% owner of Mittere.

32.    Defendant admits that Mr. Miles testified at the meeting of creditors that Mr. Miles was a 50% owner of Northwinds. Answering further, the transcript speaks for itself with respect to the statements made on the record, including testimony, during the meeting. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed

12

denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

33.    Defendant admits that Mr. Miles testified at the hearing on the Motion to Appoint Trustee that he had an interest in MMI. Answering further, the transcript speaks for itself with respect to the statements made on the record, including testimony, during the hearing. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

34.    Defendant admits that the document located at Docket No. 70 of the Zeroholding case does reflect that Mr. Miles is the manager of the entity, Zeroholding, LLC. Answering further, the Docket and the documents on the Docket in the Zeroholding case speak for themselves with respect to the statements made on the record by Mr. Miles as it relates to Zeroholding, LLC. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

35.    Defendant admits, as to Mittere, MEC and Defendant, that Mr. Miles has an ownership interest in each entity. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the

13

Federal Rules of Civil Procedure.

36.     Defendant admits that it is an insider of the Debtor pursuant to the definition of "insider" in 11 U.S.C. § 101.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure, except to the extent that Ms. Dadabhoy is an owner of Mittere, she and Mr. Miles control more than 20% of the voting interests in said entity, and, therefore, is an "insider" of Debtor  pursuant to the definition of "insider" in 11 U.S.C. § 101

37.     Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

38.     Defendant admits that Ms. Dadabhoy has been the sole Manager of Defendant since March 2018. However, answering this Paragraph of the Complaint further, Defendant denies that Ms. Dadabhoy was the sole Manager of Defendant at all times relevant to this adversary proceeding.

39.     Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

40.     The Debtor's operating agreement speaks for itself with respect to its terms and conditions. Answering further, Defendant admits that the last two sentences of Section 5.3 of Debtor's operating agreement include the language quoted in this Paragraph of the Complaint, however, this language follows a long list of acts which

14

the Manager(s) are authorized to execute including the borrowing of funds and the pledge of assets related to such borrowing. Therefore, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

41.    The Debtor's operating agreement speaks for itself with respect to its terms and conditions. Answering further, Defendant admits that a portion of Section 5.6 of Debtor's operating agreement includes the language quoted and emphasized in this Paragraph of the Complaint. Therefore, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

42.    The Debtor's operating agreement speaks for itself with respect to its terms and conditions. Answering further, Defendant admits that a portion of Section 5.6 of Debtor's operating agreement includes the language quoted and emphasized in this Paragraph of the Complaint. Therefore, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

43.    The Debtor's operating agreement speaks for itself with respect to its terms and conditions. Answering further, Defendant admits that a portion of Section 5.7 of Debtor's operating agreement includes the language quoted and emphasized in this Paragraph of the Complaint. Therefore, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

44.    The Debtor's operating agreement speaks for itself with respect to its terms and conditions. Answering further, Defendant admits that a portion of Section 5.8 of Debtor's operating agreement includes the language quoted and emphasized in this Paragraph of the Complaint. Therefore, answering further, Defendant admits the

15

allegations contained in this Paragraph of the Complaint as stated.

45.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

46.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

47.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

48.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

49.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

50.    Defendant admits that Debtor, Mr. Miles and certain of Mr. Miles' entities, on one hand, and the McCords and certain of their entities, on the other hand, were involved in a number of pieces of litigation, most of which were initiated by the McCords and/or their entities. Therefore, answering this Paragraph of the Complaint, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

51.    Defendant admits that allegations of wrongdoing were asserted by the McCords against Mr. Miles, all of which were either dismissed or ultimately adjudicated against the McCords and their entities, but for one breach of contract claim and any claims still pending as of the filing of Debtor's bankruptcy case which were settled by Plaintiff's predecessor in interest.    Therefore, answering this Paragraph of the Complaint, Defendant denies the allegations contained in this Paragraph of the

16

Complaint as stated.

52.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

53.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

54.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

55.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

56.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

57.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

58.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

59.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

60.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

61.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

62.    Defendant admits the allegations contained in this Paragraph of the

Complaint as stated.

63.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

64.    Defendant admits that Mr. Miles testified at the hearing on the Motion to Appoint Trustee that, other than as a designated manager, he had never been an officer or manager of Debtor as of the date of the hearing. Answering further, the transcript speaks for itself with respect to the statements made on the record, including testimony, during the hearing. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

65.    The Docket in Debtor's bankruptcy case speaks for itself with respect to the three motions to appoint a trustee that were filed in the case including which and how many actual parties filed the motions. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

66.    Defendant admits that an evidentiary hearing occurred on October 12, 2022, as to one or more of the motions to appoint trustee. Defendant is uncertain what a "full evidentiary hearing" means, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

67.    The Docket in Debtor's bankruptcy case and the transcript from the October 13, 2022, hearing speak for themselves with respect to what was stated on the record at the hearing on October 13, 2022, including any oral ruling by the Court. Answering further, therefore, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

68.     The transcript from the October 13, 2022, hearing speaks for itself with respect to what was stated on the record at the hearing on October 13, 2022, including any oral ruling by the Court. Answering further, therefore, Defendant admits the allegations contained in this Paragraph of the Complaint but only to the extent it accurately reflects what the Court stated on the record on October 13, 2022, at the cited page and lines.

69.     Defendant admits that a copy of transcript from the October 13, 2022, hearing is attached to the Complaint as Exhibit E. Answering further, the transcript speaks for itself with respect to the statements made on the record, including the oral ruling by the Court.

70.     The transcript from the October 13, 2022, hearing speaks for itself with respect to what was stated on the record at the hearing on October 13, 2022, including any oral ruling by the Court. Answering further, Defendant denies that the conclusions made by the Court on October 13, 2022, were proper due to the fact that the Court relied on the inaccurate and untruthful testimony of Karen Fortune. Defendant admits only that this Paragraph of the Complaint accurately reflects what the Court stated on the record on October 13, 2022, at the cited page and lines.

71.     The transcript from the October 13, 2022, hearing speaks for itself with respect to what was stated on the record at the hearing on October 13, 2022, including any oral ruling by the Court. Answering further, Defendant denies that the conclusions made by the Court on October 13, 2022, were proper due to the fact that the Court relied on the inaccurate and untruthful testimony of Karen Fortune. Defendant admits only that

19

this Paragraph of the Complaint accurately reflects what the Court stated on the record on October 13, 2022, at the cited page and lines.

72.    The transcript from the October 13, 2022, hearing speaks for itself with respect to what was stated on the record at the hearing on October 13, 2022, including any oral ruling by the Court. Answering further, Defendant denies that the conclusions made by the Court on October 13, 2022, were proper due to the fact that the Court relied on the inaccurate and untruthful testimony of Karen Fortune. Defendant only admits that this Paragraph of the Complaint accurately reflects what the Court stated on the record on October 13, 2022, at the cited page and lines.

73.    The transcript from the October 13, 2022, hearing speaks for itself with respect to what was stated on the record at the hearing on October 13, 2022, including any oral ruling by the Court. Answering further, Defendant denies that the conclusions made by the Court on October 13, 2022, were proper due to the fact that the Court relied on the inaccurate and untruthful testimony of Karen Fortune. Defendant admits only that this Paragraph of the Complaint accurately reflects what the Court stated on the record on October 13, 2022, at the cited page and lines.

74.    The transcript from the October 13, 2022, hearing speaks for itself with respect to what was stated on the record at the hearing on October 13, 2022, including any oral ruling by the Court. Answering further, Defendant denies that the conclusions made by the Court on October 13, 2022, were proper due to the fact that the Court relied on the inaccurate and untruthful testimony of Karen Fortune. Defendant admits only that this Paragraph of the Complaint accurately reflects what the Court stated on the record

20

on October 13, 2022, at the cited page and lines.

75.    The transcript from the October 13, 2022, hearing speaks for itself with respect to what was stated on the record at the hearing on October 13, 2022, including any oral ruling by the Court. Answering further, Defendant denies that the conclusions made by the Court on October 13, 2022, were proper due to the fact that the Court relied on the inaccurate and untruthful testimony of Karen Fortune. Defendant admits only that this Paragraph of the Complaint accurately reflects what the Court stated o the record on October 13, 2022, at the cited page and lines.

76.    The transcript from the October 13, 2022, hearing speaks for itself with respect to what was stated on the record at the hearing on October 13, 2022, including any oral ruling by the Court. Answering further, Defendant admits only that this Paragraph of the Complaint accurately reflects what the Court stated on the record on October 13, 2022, at the cited page and lines.

77.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

78.    Defendant admits that Mr. Miles testified at the hearing on the Motion to Appoint Trustee that, other than as a designated manager, he had never been elected or appointed the manager of Debtor as of the date of the hearing. Answering further, the transcript speaks for itself with respect to the statements made on the record, including testimony, during the hearing. Answering further, therefore, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

79.    Defendant denies the allegations contained in this Paragraph of the

21

Complaint as stated.

80.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

81.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

82.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

83.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

84.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

85.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

86.    The Debtor's Statement of Financial Affairs, as amended, and the transcript of the October 12, 2022, hearing, including exhibits introduced into evidence therein, speak for themselves with respect to the statements made on the record, including testimony, and documents introduced into evidence during the hearing and in the Statement of Financial Affairs, as amended. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

87.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

88.     The transcripts speak for themselves with respect to the statements made on the record, including testimony, during the hearing and the meeting. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

89.     Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

90.     Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

91.     Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

92.     Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

93.     The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Northwinds. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

94.     The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Northwinds. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

95.     The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Northwinds. Answering

further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

96.     The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Northwinds. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

97.     Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

98.     Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

99.     Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

100.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

101.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

102.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and MEC. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

103.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and MEC. Answering

further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

104.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and MEC. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

105.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and MEC. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

106.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

107.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

108.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

109.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

110.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

111.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and MMI. Answering

further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

112.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and MMI. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

113.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and MMI. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

114.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and MMI. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

115.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

116.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

117.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

118.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

26

119.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

120.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Mittere. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

121.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Mittere. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

122.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Mittere. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

123.    The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Mittere. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

124.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

125.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

126. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

127. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

128. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

129. The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Defendant. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

130. The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Defendant. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

131. The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Defendant. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

132. The Debtor's Statement of Financial Affairs, as amended, speaks for itself with respect to the inflows and outflows as between Debtor and Defendant. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

133.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

134.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

135.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

136.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

137.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

138.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

139.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

140.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

141.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

142.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

29

143.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

144.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

145.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

146.   Claim No. 11 speaks for itself with respect to the claim that Newtek Small Business Finance, LLC, asserted in the Debtor's bankruptcy case. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

147.   Claim No. 11 speaks for itself with respect to the claim that Newtek Small Business Finance, LLC, asserted in the Debtor's bankruptcy case. Answering further, Defendant admits the allegations in this Paragraph of the Complaint.

148.   Claim No. 11 speaks for itself with respect to the claim that Newtek Small Business Finance, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits that as part of its claim, Newtek Small Business Finance, LLC, attached a document purporting to be a loan agreement for MEC signed by Mr. Miles. Answering further, Defendant admits the allegations in this Paragraph of the Complaint.

149.    Claim No. 11 speaks for itself with respect to the claim that Newtek Small Business Finance, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits that as part of its claim, Newtek Small Business Finance, LLC, attached a document purporting to be a guaranty agreement for Debtor signed by Mr. Miles. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

150.    Claim No. 11 speaks for itself with respect to the claim that Newtek Small Business Finance, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits that as part of its claim, Newtek Small Business Finance, LLC, attached a document purporting to be a guaranty agreement for Debtor signed by Mr. Miles. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

151.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

152.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

153.    Defendant admits that Mr. Miles testified at the hearing on the Motion to Appoint Trustee that he did not recall a Debtor meeting on a specific date related to the Newtek loan and related guaranty. Answering further, the transcript speaks for itself

31

with respect to the statements made on the record, including testimony, during the hearing. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

154.    Defendant admits that Mr. Miles testified at the hearing on the Motion to Appoint Trustee that he did not recall that the Debtor adopted or executed a resolution related to the Newtek loan and related guaranty. Answering further, the transcript speaks for itself with respect to the statements made on the record, including testimony, during the hearing. Answering further, therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

155.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

156.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

157.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

158.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

159.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

160.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

161.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

162.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

163.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

164.   Claim No. 23 speaks for itself with respect to the claim that Secure Capital, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

165.   Claim No. 23 speaks for itself with respect to the claim that Secure Capital, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

166.   Claim No. 23 speaks for itself with respect to the claim that Secure Capital, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

4855-3035-6681, v. 1

167.    Claim No. 23 speaks for itself with respect to the claim that Secure Capital, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

168.    Claim No. 23 speaks for itself with respect to the claim that Secure Capital, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Answering further, Defendant admits that below Mr. Miles' name is "OWNER" on the documents attached to the proof of claim. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

169.    Defendant admits that Defendant was and always has been the sole or majority owner of Debtor and that Mr. Miles has never directly been an owner of Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

170.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

171.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

172.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

34

173.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

174.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

175.    The documents contained on the Docket in Debtor's bankruptcy case speak for themselves as to their terms and conditions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

176.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

177.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

178.    Claim No. 22 speaks for itself with respect to the claim that Premium Merchant Funding 18, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

35

179.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

180.    Claim No. 22 speaks for itself with respect to the claim that Premium Merchant Funding 18, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Answering further, Defendant admits this Paragraph of the Complaint.

181.    Claim No. 22 speaks for itself with respect to the claim that Premium Merchant Funding 18, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Answering further, Defendant admits that next to and above Mr. Miles' name is "OWNER" on the documents attached to the proof of claim. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

182.    Defendant admits that Defendant was and always has been the sole or majority owner of Debtor and that Mr. Miles has never directly been an owner of Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

183.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

184.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

185.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

186.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

187.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

188.    The documents contained on the Docket in Debtor's bankruptcy case speak for themselves as to their terms and conditions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

189.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

190.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

191.    Claim Nos. 27 and 28 speak for themselves with respect to the claims that City Capital NY asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

192.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

193.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

194.    Claim Nos. 27 and 28 speak for themselves with respect to the claims that City Capital NY asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

195.    Claim Nos. 27 and 28 speak for themselves with respect to the claims that City Capital NY asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

196.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

197.    Defendant admits that Defendant was and always has been the sole or majority owner of Debtor and that Mr. Miles has never directly been an owner of Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

198.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

38

199.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

200.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

201.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

202.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

203.    The documents contained on the Docket in Debtor's bankruptcy case speak for themselves as to their terms and conditions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

204.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

205.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

206.    Claim No. 26 speaks for itself with respect to the claim that Click Capital Group, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the

Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

207.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

208.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

209.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

210.    Claim No. 26 speaks for itself with respect to the claim that Click Capital Group, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

211.    Claim No. 26 speaks for itself with respect to the claim that Click Capital Group, LLC, asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

212.    Claim No. 26 speaks for itself with respect to the claim that Click Capital Group, LLC, asserted in the Debtor's bankruptcy case including the documents attached

to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

213.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

214.    Defendant admits that Defendant was and always has been the sole or majority owner of Debtor and that Mr. Miles has never directly been an owner of Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

215.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

216.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

217.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

218.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

219.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

220.    The documents contained on the Docket in Debtor's bankruptcy case speak for themselves as to their terms and conditions. Defendant is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

221.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

222.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

223.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

224.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

225.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

226.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

227.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

228.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

229.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

230.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

231.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

232.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

233.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

234.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

235.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

236.    The records of the Office of the Secretary of State for the State of Georgia related to Curepoint Dublin, LLC, speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

43

237.    The records of the Office of the Secretary of State for the State of Georgia related to Curepoint Dublin, LLC, speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

238.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

239.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

240.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

241.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

242.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

243.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

244.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

245.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

246.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

247.    Claim No. 8 speaks for itself with respect to the claim that Arvest Bank asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

248.    Claim No. 8 speaks for itself with respect to the claim that Arvest Bank asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

249.    Claim No. 8 speaks for itself with respect to the claim that Arvest Bank asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

250.    Claim No. 8 speaks for itself with respect to the claim that Arvest Bank asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

251.    Claim No. 8 speaks for itself with respect to the claim that Arvest Bank asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint,

45

and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

252.    Claim No. 9 speaks for itself with respect to the claim that Arvest Bank asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

253.    Claim No. 9 speaks for itself with respect to the claim that Arvest Bank asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

254.    Claim No. 9 speaks for itself with respect to the claim that Arvest Bank asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

255.    Claim No. 9 speaks for itself with respect to the claim that Arvest Bank asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

256.    Defendant admits that Defendant was and always has been the sole or majority owner and Manager of Debtor and that Mr. Miles has never directly been an

4855-3035-6681, v. 1

owner of Debtor, as well as, Mr. Miles was for certain purposes a designated manager of Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

257.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

258.    Claim No. 9 speaks for itself with respect to the claim that Arvest Bank asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

259.    The transcript from the meeting of creditors speaks for itself as to what was stated on the record, including testimony by Mr. Miles. Therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

260.    The transcript from the meeting of creditors speaks for itself as to what was stated on the record, including testimony by Mr. Miles. Therefore, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

261.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

262.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

263.    Claim No. 10 speaks for itself with respect to the claim that First American Commercial Bancorp, Inc., asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant denies the allegations

47

contained in this Paragraph of the Complaint as stated.

264.    Claim No. 10 speaks for itself with respect to the claim that First American Commercial Bancorp, Inc., asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

265.    Claim No. 10 speaks for itself with respect to the claim that First American Commercial Bancorp, Inc., asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

266.    Claim No. 10 speaks for itself with respect to the claim that First American Commercial Bancorp, Inc., asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

267.    Defendant admits that Defendant was and always has been the sole or majority owner and Manager of Debtor and that Mr. Miles has never directly been an owner of Debtor, as well as, Mr. Miles was for certain purposes a designated manager of Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

268.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

269.    Claim No. 10 speaks for itself with respect to the claim that First American Commercial Bancorp, Inc., asserted in the Debtor's bankruptcy case

including the documents attached to the proof of claim. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

270.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

271.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

272.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

273.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

274.    Claim No. 10 speaks for itself with respect to the claim that First American Commercial Bancorp, Inc., asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

275.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

276.    Claim No. 6 speaks for itself with respect to the claim that U.S. Bank,

N.A. d/b/a U.S. Bank Equipment Finance as assignee of Arrow Capital Solutions, Inc., asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

277.    Claim No. 6 speaks for itself with respect to the claim that U.S. Bank, N.A. d/b/a U.S. Bank Equipment Finance as assignee of Arrow Capital Solutions, Inc., asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated

278.    Claim No. 6 speaks for itself with respect to the claim that U.S. Bank, N.A. d/b/a U.S. Bank Equipment Finance as assignee of Arrow Capital Solutions, Inc., asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

279.    Defendant admits that Defendant was and always has been the sole or majority owner and Manager of Debtor and that Mr. Miles has never directly been an owner of Debtor, as well as, Mr. Miles was for certain purposes a designated manager of Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

280.    Defendant admits that Defendant was and always has been the sole or majority owner and Manager of Debtor and that Mr. Miles has never directly been an

50

owner of Debtor, as well as, Mr. Miles was for certain purposes a designated manager of Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

281.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

282.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

283.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

284.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

285.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

286.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

287.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

4855-3035-6681, v. 1

288.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

289.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

290.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

291.    Claim No. 12 speaks for itself with respect to the claim that Hewlett-Packard Financial Services Company asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

292.    Claim No. 12 speaks for itself with respect to the claim that Hewlett-Packard Financial Services Company asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

293.    Claim No. 12 speaks for itself with respect to the claim that Hewlett-Packard Financial Services Company asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

294.    Defendant admits that Defendant was and always has been the sole or majority owner and Manager of Debtor and that Mr. Miles has never directly been an owner of Debtor, as well as, Mr. Miles was for certain purposes a designated manager of Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

295.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

296.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

297.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

298.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

299.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

300.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

301.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

302.    Claim No. 12 speaks for itself with respect to the claim that Hewlett-Packard Financial Services Company asserted in the Debtor's bankruptcy case including the documents attached to the proof of claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

303.    Due to the lack of access to Debtor's records, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

304.    Due to the lack of access to Debtor's records, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

305.    Defendant admits that Defendant was and always has been the sole or majority owner and Manager of Debtor and that Mr. Miles has never directly been an owner of Debtor, as well as, Mr. Miles was for certain purposes a designated manager of

54

Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

306.    Defendant admits that Defendant was and always has been the sole owner and Manager of Debtor and that Mr. Miles has never directly been an owner of Debtor, as well as, Mr. Miles was for certain purposes a designated manager of Debtor. Answering further, however, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

307.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

308.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

309.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

310.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

311.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

312.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

313.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

314.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

315.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

316.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

317.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT I –Avoidance and Recovery of Preferential Payments Pursuant to 11 U.S.C. §§ 547 and 550 With Respect to MEC and Phillip Miles

318.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and 102-110 of this Answer as if each paragraph were fully set forth verbatim herein.

319.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in

56

this Paragraph of the Complaint as stated.

320.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

321.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to MEC in the 1 year prior to the Petition Date in the normal course of business as between Debtor and MEC. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

322.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

323.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid

57

to MEC in the 1 year prior to the Petition Date in the normal course of business as between Debtor and MEC. Answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

324.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to MEC in the 1 year prior to the Petition Date in the normal course of business as between Debtor and MEC. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

325.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant admits that certain amounts were paid to MEC in the 1 year prior to the Petition Date in the normal course of business as between Debtor and MEC. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

326.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid

58

to MEC in the 1 year prior to the Petition Date in the normal course of business as between Debtor and MEC. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

327.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to MEC in the 1 year prior to the Petition Date in the normal course of business as between Debtor and MEC. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

328.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT II – Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550 With Respect to MEC and Phillip Miles

329.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and 102-110 of this Answer as if each Paragraph were fully set forth verbatim herein.

330.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid

to MEC in the two years prior to the Petition Date in the normal course of business as between Debtor and MEC. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

331.    In that this Count is directed to an entity in which Defendant was not an owner or manger, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

332.    In that this Count is directed to an entity in which Defendant was not an owner or manger, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

333.    In that this Count is directed to an entity in which Defendant was not an owner or manger, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

334.    In that this Count is directed to an entity in which Defendant was not an owner or manger, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

335.    In that this Count is directed to an entity in which Defendant was not an owner or manger, as well as Mr. Miles, Defendant does not believe it needs to answer

4855-3035-6681, v. 1

the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

336.   In that this Count is directed to an entity in which Defendant was not an owner or manger, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to MEC in the normal course of business as between Debtor and MEC. Answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

337.   In that this Count is directed to an entity in which Defendant was not an owner or manger, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

338.   In that this Count is directed to an entity in which Defendant was not an owner or manger, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT III - Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544 and O.C.G.A. §§ 18-2-74 and 18-2-75 with Respect to MEC and Phillip Miles

339.   In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and

102-110 of this Answer as if each Paragraph were fully set forth verbatim herein.

340.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to MEC in the four years prior to the Petition Date in the normal course of business as between Debtor and MEC. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

341.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to MEC in the four years prior to the Petition Date in the normal course of business as between Debtor and MEC. Answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

342.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

343.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

344.    In that this Count is directed to an entity in which Defendant was not an

owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

345.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

346.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

347.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

348.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT IV - Avoidance and Recovery of Preferential Payments Pursuant to 11 U.S.C. §§ 547 and 550 With Respect to Northwinds and Phillip Miles

349.    In that this Count is directed to an entity in which Defendant was not an

owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 43-83 and 91-98 of this Answer as if each paragraph were fully set forth verbatim herein.

350.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

351.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

352.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to Northwinds in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Northwinds. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

353.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further,, Defendant is not required to answer the

64

allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

354.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to Northwinds in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Northwinds. Answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

355.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to Northwinds in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Northwinds. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

356.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this

65

Paragraph of the Complaint as stated.

357.   In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant admits that certain amounts were paid to Northwinds in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Northwinds. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

358.   In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant admits that certain amounts were paid to Northwinds in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Northwinds. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

359.   In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant admits that certain amounts were paid to

66

Northwinds in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Northwinds. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

### COUNT V - Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550 With Respect to Northwinds and Phillip Miles

360.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and 93-101 of this Answer as if each paragraph were fully set forth verbatim herein.

361.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

362.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

363.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the

67

allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

364.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

365.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

366.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

367.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

368.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

369.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

**COUNT VI - Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544 and O.C.G.A. §§ 18-2-74 and 18-2-75 with Respect to Northwinds and Phillip Miles**

370.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and 93-101 of this Answer as if each paragraph were fully set forth verbatim herein.

69

371.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

372.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

373.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

374.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

375.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer

70

the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

376.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

377.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

378.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

379.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer

the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

### COUNT VII - Avoidance and Recovery of Preferential Payments Pursuant to 11 U.S.C. §§ 547 and 550 With Respect to MMI and Phillip Miles

380.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and 111-119 of this Answer as if each paragraph were fully set forth verbatim herein.

381.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

382.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

383.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer

the same. However, answering further, Defendant admits that certain amounts were paid to MMI in the 1 year prior to the Petition Date in the normal course of business as between Debtor and MMI. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

384.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

385.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant admits that certain amounts were paid to MMI in the 1 year prior to the Petition Date in the normal course of business as between Debtor and MMI. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

386.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to MMI in the 1 year prior to the Petition Date in the normal course of business as

73

between Debtor and MMI. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

387.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

388.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant admits that certain amounts were paid to MMI in the 1 year prior to the Petition Date in the normal course of business as between Debtor and MMI. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

389.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant admits that certain amounts were paid to MMI in the 1 year prior to the Petition Date in the normal course of business as between

74

Debtor and MMI. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

390.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant admits that certain amounts were paid to MMI in the 1 year prior to the Petition Date in the normal course of business as between Debtor and MMI. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT VIII - Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550 With Respect to MMI and Phillip Miles

391.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and 111-119 of this Answer as if each paragraph were fully set forth verbatim herein.

392.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

393.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer

the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

394.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

395.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

396.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

397.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

398.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

399.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

400.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

**COUNT IX – Avoidance and Recovery of Fraudulent Transfers Pursuant to 11
U.S.C. § 544 and O.C.G.A. §§ 18-2-74 and 18-2-75 with Respect to MMI and
Philip Miles**

401.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and 111-119 of this Answer as if each paragraph were fully set forth verbatim herein.

402.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

403.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

404.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

405.    In that this Count is directed to an entity in which Defendant was not an

owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

406.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

407.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

408.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this

4855-3035-6681, v. 1

Paragraph of the Complaint as stated.

409.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

410.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

### COUNT X – Avoidance and Recovery of Preferential Payments Pursuant to 11 U.S.C. §§ 547 and 550 With Respect to Mittere and Philip Miles

411.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and 120-128 of this Answer as if each paragraph were fully set forth verbatim herein.

412.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in

80

this Paragraph of the Complaint as stated.

413.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

414.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to Mittere in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Mittere. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

415.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion.  Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

416.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid

81

to Mittere in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Mittere. Answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

417.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to Mittere in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Mittere. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

418.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion.  Answering further, Defendant admits that certain amounts were paid to Mittere in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Mittere. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

419.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid

to Mittere in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Mittere. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

420.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid to Mittere in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Mittere. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

421.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

**COUNT XI – Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550 With Respect to Mittere and Phillip Miles**

422.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and 120-128 of this Answer as if each paragraph were fully set forth verbatim herein.

423.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid

to Mittere in the two years prior to the Petition Date in the normal course of business as between Debtor and Mittere. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

424.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

425.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

426.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

427.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

428.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in

4855-3035-6681, v. 1

this Paragraph of the Complaint as stated.

429.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

430.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

431.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

### COUNT XII – Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544 and O.C.G.A. §§ 18-2-74 and 18-2-75 with Respect to Mittere and Phillip Miles

432.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 45-85 and 120-128 of this Answer as if each paragraph were fully set forth verbatim herein.

433.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits that certain amounts were paid

to Mittere in the four years prior to the Petition Date in the normal course of business as between Debtor and Mittere. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

434.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

435.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

436.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

437.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

438.    In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in

4855-3035-6681, v. 1

this Paragraph of the Complaint as stated.

439.   In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

440.   In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

441.   In that this Count is directed to an entity in which Defendant was not an owner or manager, as well as Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT XIII – Avoidance and Recovery of Preferential Payments Pursuant to 11 U.S.C. §§ 547 and 550 With Respect to PFP and Phillip Miles.

442.   Defendant incorporates Paragraphs 45-85 and 129-144 of this Answer as if each paragraph were fully set forth verbatim herein.

443.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

444.   Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

445.   Defendant admits that certain amounts were paid to Defendant in the 1

year prior to the Petition Date in the normal course of business as between Debtor and Defendant. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

446.    Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

447.    Defendant admits that certain amounts were paid to Defendant in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Defendant. Answering further, Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

448.    Defendant admits that certain amounts were paid to Defendant in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Defendant. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

449.    Defendant is not required to answer the allegations in this Paragraph of the Complaint to the extent that they call for a legal conclusion. Answering further, Defendant admits that certain amounts were paid to Defendant in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Defendant. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

450.    Defendant admits that certain amounts were paid to Defendant in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Defendant.  However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

451.    Defendant admits that certain amounts were paid to Defendant in the 1 year prior to the Petition Date in the normal course of business as between Debtor and Defendant. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

452.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

### COUNT XIV – Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550 With Respect to PFP and Philip Miles

453.    Defendant incorporates Paragraphs 45-85 and 129-144 of this Answer as if each paragraph were fully set forth verbatim herein.

454.    Defendant admits that certain amounts were paid to Defendant in the two years prior to the Petition Date in the normal course of business as between Debtor and Defendant. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

455.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

456.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

457.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

458.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

459.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

460.   Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

461.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

462.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

**COUNT XV – Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544 and O.C.G.A. §§ 18-2-75 with Respect to PFP and Philip Miles**

463.   Defendant incorporates Paragraphs 45-85 and 129-144 of this Answer as if each paragraph were fully set forth verbatim herein.

464.   Defendant admits that certain amounts were paid to Defendant in the four years prior to the Petition Date in the normal course of business as between Debtor and Defendant.  However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

465.   Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

90

466.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

467.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

468.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

469.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

470.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

471.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

472.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT XVI – Unjust Enrichment (the MCAs) Against The Miles Entities

473.    Defendant incorporates Paragraphs 17-60 and 164-223 of this Answer as if each paragraph were fully set forth verbatim herein.

474.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

475.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

476.    Defendant denies the allegations contained in this Paragraph of the

91

Complaint as stated.

477.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT XVII – Unjust Enrichment (the MCAs) Against Mr. Miles

478.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 17-60 and 164-223 of this Answer as if each paragraph were fully set forth verbatim herein.

479.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

480.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

481.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

482.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

483.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations

4855-3035-6681, v. 1

contained in this Paragraph of the Complaint as stated.

### <u>COUNT XVIII – Unjust Enrichment (the MCAs) Against Ms. Dadabhoy</u>

484.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 17-60 and 164-223 of this Answer as if each paragraph were fully set forth verbatim herein.

485.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

486.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

487.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

488.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

489.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT XIX – Unjust Enrichment (the Equipment Agreements) Against the Miles Entities

490.    Defendant incorporates Paragraphs 17-60 and 246-317 of this Answer as if each paragraph were fully set forth verbatim herein.

491.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

492.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

493.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

494.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT XX – Unjust Enrichment (the Equipment Leases) Against Mr. Miles

495.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 17-60 and 246-317 of this Answer as if each paragraph were fully set forth verbatim herein.

496.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

497.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations

4855-3035-6681, v. 1

contained in this Paragraph of the Complaint as stated.

498.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

499.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

500.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT XXI – Unjust Enrichment (the Equipment Agreements) Against Ms. Dadabhoy

501.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 17-60 and 246-317 of this Answer as if each paragraph were fully set forth verbatim herein.

502.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

503.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

504.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

505.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

506.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT XXII – Breach of Contract (MCAs) Against PFP

507.    Defendant incorporates Paragraphs 17-60 and 164-223 of this Answer as if each paragraph were fully set forth verbatim herein.

508.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

509.    Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

510.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

511.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

512.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

## **COUNT XXIII – Breach of Contract (MCAs) Against Ms. Dadabhoy**

513.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 17-60 and 164-223 of this Answer as if each paragraph were fully set forth verbatim herein.

514.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

515.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, in that this Paragraph of the Complaint is undefined as far as timeframe and because Defendant was not always the sole manager of Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

516.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

517.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

518.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe

it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

519.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

520.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT XXVI – Breach of Contract (MCAs) Against Mr. Miles

521.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 17-60 and 164-223 of this Answer as if each paragraph were fully set forth verbatim herein.

522.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

523.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

524.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

525.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

526.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

### COUNT XXV – Breach of Contract (Equipment Agreements) Against PFP

527.    Defendant incorporates Paragraphs 17-60 and 246-317 of this Answer as if each paragraph were fully set forth verbatim herein.

528.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

529.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

530.    Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

### COUNT XXVI – Breach of Contract (Equipment Agreements) Against Ms. Dadabhoy

531.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 17-60 and 246-317 of this Answer as if each paragraph were fully set forth verbatim herein.

532.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe

99

it needs to answer the same. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

533.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, in that this Paragraph of the Complaint is undefined as far as timeframe and because Defendant was not always the sole manager of Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

534.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

535.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

536.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

537.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT XXVII – Breach of Fiduciary Duties against PFP

538.   Defendant incorporates Paragraphs 17-60 and 164-317 of this Answer as if each paragraph were fully set forth verbatim herein.

539.   Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

540.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

541.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

542.   Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## COUNT XXVIII – Breach of Fiduciary Duties against Ms. Dadabhoy

543.   In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 17-60 and 164-317 of this Answer as if each paragraph were fully set forth verbatim herein.

544.   In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant admits the allegations contained in this Paragraph of the Complaint as stated.

545.   In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, in that this Paragraph of the Complaint is undefined as far as timeframe and because Defendant was not always the

sole manager of Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of the Complaint, and accordingly the allegations in such Paragraph shall be deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

546.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

547.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

548.    In that this Count is directed to Ms. Dadabhoy, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## <u>COUNT XXIX – Breach of Fiduciary Duties Against Mr. Miles</u>

549.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant incorporates Paragraphs 17-60 and 164-317 of this Answer as if each paragraph were fully set forth verbatim herein.

550.    In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

4855-3035-6681, v. 1

551.   In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

552.   In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

553.   In that this Count is directed to Mr. Miles, Defendant does not believe it needs to answer the same. However, answering further, Defendant denies the allegations contained in this Paragraph of the Complaint as stated.

## <u>COUNTERCLAIM</u>

**NOW COMES** Physician Financial Partners, LLC ("PFP") and, pursuant to Fed. R. Bankr. P. 7013, files this its Counterclaim against Counter-Defendant, David A. Wender as Liquidating Trustee ("Trustee") for the Curepoint, LLC, Liquidation Trust ("Liquidation Trust"), stating to the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.     PFP is a limited liability company formed under the laws of the State of Georgia and a named Defendant in the above-captioned adversary proceeding.

2.     Trustee is a Georgia resident, was the Chapter 11 Trustee for the bankruptcy estate of Curepoint, LLC, until the Effective Date of the Plan, when he assumed the role of Trustee for the Liquidation Trust and was tasked with winding down the Debtor's affairs, including prosecuting, continuing or settling the Retained Causes of Action as defined by the Plan, paying and reconciling Claims against the Estate with the assets of the Estate

103

which were transferred to the Liquidation Trust, and administering the Plan and Liquidation Trust. Trustee is the now named Plaintiff in the above-captioned adversary proceeding, and, as assignee of the claims asserted against PFP and the party tasked with administering the Liquidation Trust, including payment of claims against the Estate, is subject to any claims, crossclaims and/or counterclaims brought by PFP, the same being specifically excluded from the terms of any injunction, release, or similar limiting language, pursuant to the terms of the confirmed Plan.

3.      The District Court for the Northern District of Georgia has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1334. PFP does not consent to the Bankruptcy Court entering final orders and judgments in this Adversary Proceeding, including this Counterclaim, and the assertion of the Counterclaim shall not be a waiver or constitute consent regarding the same.

4.      Venue for the Counterclaim is proper in the District Court for the Northern District of Georgia under 28 U.S.C. § 1409.

5.      PFP demands a trial by jury with respect to the claims asserted in its Counterclaim.

### COUNT I – BREACH OF CONTRACT (JUDGMENT CREDIT)

6.      PFP and Debtor, along with those other entities named as defendants in this Adversary Proceeding (collectively, the "Miles Entities"), had a long-standing agreement wherein any one entity could seek the financial assistance of another with the understanding that any such assistance would be paid back in kind, including but not

4855-3035-6681, v. 1

limited to transfers of cash to assist each other with operating expenses. At all relevant times, PFP had an expectation that, to the extent it transferred cash or other assets to Debtor, it would be paid back by Debtor. Records related to the same were kept, which the Miles Entities refer to as the "Due to/Due from" accounting.

7.      On June 21, 2021, in its Final Order and Judgment, the Superior Court of Fulton County, State of Georgia ("Fulton Court"), awarded PFP an award of $750,000 in connection with a pre-petition suit (Civil Action File. No. 2018-CV-303289) in which PFP and Debtor were named parties, against Preston Ridge Radiation Center, LLC ("Preston Ridge"), an entity owned and/or controlled by the McCord family and controlled by Dale McCord, as Manager, based on a capital contribution not made by Preston Ridge to PFP.

8.      In that same Final Order and Judgment, the Fulton Court found against Debtor and in favor of AMOA Finance LLC ("AMOA"), another entity owned and/or controlled by the McCord family and controlled by Dale McCord, as Manager, in the amount of $1,882,431.86, based on a breach of the agreement related to the linear accelerator.

9.      By agreement, the Miles Entities and all McCord related entities utilized the competing judgments in order to reduce amounts owed due to the opposing group, resulting in a sum of less than $200,000 being paid by Debtor to AMOA.

10.     PFP acquiesced and, with the understanding that it would be later reimbursed, allowed Debtor access to its $750,000 award to accomplish this reduction in the amount owed by Debtor to AMOA. Debtor used the whole of the award and reduced amount owed to AMOA under the judgment to less than $200,000.

4855-3035-6681, v. 1

11.    To date, Debtor has yet to repay the $750,000 credit it received from PFP and thus is in breach of its obligations under the long-standing agreement.

12.    Debtor's breach has caused PFP to suffer damages in the amount of $750,000.

13.    PFP is entitled to a claim for breach of contract against the Trustee and the Liquidation Trust  in an amount not less than $750,000 to be determined at trial.

14.    PFP is therefore entitled to and hereby demands judgment in its favor and against the Trustee and the Liquidation Trust for damages for breach of contract, in an amount not less than $750,000 to be determined at trial.

### COUNT II – UNJUST ENRICHMENT (JUDGMENT CREDIT)
#### (Alternative Count to Count I)

15.    PFP incorporates paragraphs 6 to 12 of the Counterclaim as if fully alleged herein.

16.    Should judgment not be entered on Count I of the Counterclaim, PFP has established a claim for unjust enrichment on its pre-petition judgment credit claim.

17.    By agreeing to this judgment credit to Debtor pre-petition, PFP has conferred a benefit upon Debtor.

18.    Debtor knew of and relied on PFP's judgment credit and is aware of the benefit.

19.    It would be unconscionable, unjust, and inequitable should the benefits of PFP's judgment credit received by the Debtor pre-petition not be recognized as a pre-petition unsecured claim.

106

20. PFP is entitled to a claim for unjust enrichment related to its judgment credit in an amount not less than $750,000 to be determined at trial.

21. PFP is therefore entitled to and hereby demands judgment in its favor and against the Trustee and the Liquidation Trust for damages for unjust enrichment related to the judgment credit in an amount not less than $750,000 to be determined at trial.

### COUNT III – BREACH OF CONTRACT (DUE TO/DUE FROM)

22. PFP and Debtor, along with Miles Entities had a long-standing agreement wherein any one entity could seek the financial assistance of another with the understanding that any such assistance would be paid back in kind. At all relevant times, PFP had an expectation that, to the extent it transferred cash or other assets to Debtor, it would be paid back by Debtor. Records related to the same were kept, which the Miles Entities, including PFP, refer to as the "Due to/Due from" accounting.

23. Over the four years prior to the Petition Date, PFP and Debtor transferred money to and from each other pursuant to this agreement.

24. To date, Debtor has received from PFP $26,500 in financial assistance, more than Debtor has provided to PFP.

25. Pre-petition, Debtor failed to repay this amount and thus is in breach of its obligations under the long-standing agreement.

26. Debtor's breach has caused PFP to suffer damages in the amount of $26,500.

27. PFP is entitled to a claim for breach of contract against the Trustee and the Liquidation Trust in an amount not less than $26,500 to be determined at trial, related to the due to/from agreement between PFP and Debtor.

4855-3035-6681, v. 1

28.     PFP is therefore entitled to and hereby demands judgment in its favor and against the Trustee and the Liquidation Trust  for damages for breach of contract related to the due to/from agreement between PFP and Debtor, in an amount not less than $26,500 to be determined at trial.

## COUNT IV – UNJUST ENRICHMENT (DUE TO/FROM)
### (Alternative Count to Count III)

29.     PFP incorporates paragraphs 22 to 26 of the Counterclaim as if fully alleged herein.

30.     Should judgment not be entered on Count III of the Counterclaim, PFP has established a claim for unjust enrichment on its due to/from claim.

31.     By supporting Debtor financially pre-petition, PFP has conferred a benefit upon Debtor.

32.     Debtor knew of and relied on PFP's funds that it received in order to continue to operate and is aware of the benefit.

33.     It would be unconscionable, unjust, and inequitable should the benefits of PFP's funds received by the Debtor pre-petition not be recognized as a pre-petition unsecured claim.

34.     PFP is entitled to a claim for unjust enrichment related to its judgment credit in an amount not less than $26,500 to be determined at trial.

35.     PFP is therefore entitled to and hereby demands judgment in its favor and against the Trustee and the Liquidation Trust  for damages for unjust enrichment related to the due to/from claim in an amount not less than $26,500 to be determined at trial.

4855-3035-6681, v. 1

**WHEREFORE**, having fully answered, asserted defenses, and asserted counterclaims, PFP prays that:

(a)  Trustee's Second Amended and Restated Complaint be dismissed with prejudice;

(b)  PFP have judgment against the Trustee and the Liquidation Trust on the Complaint and in its favor on its Counterclaim in an amount to be determined at trial;

( c)  alternatively, should the Court determine that the Trustee is entitled to a judgment against PFP, in any amount, that said judgment be reduced by the amount of its Counterclaim, and/or affirmative defenses, so as to eliminate any liability of PFP;

(d)  All costs of this action to be taxed against the Trustee and the Liquidation Trust; and

(e)  PFP have such other and further relief that the Court deems necessary and proper.

Respectfully submitted this 18th day of June 2024.

> **SMALL HERRIN, LLP**
> *Attorneys for Physician Financial Partners, LLC*
>
> By:  /s/ Anna M. Humnicky
>       Anna M. Humnicky
>       GA Bar No. 377850
>       Q. Andy T. Nguyen
>       GA Bar No. 729256

100 Galleria Parkway
Suite 350
Atlanta, GA 3033
(P): (770) 783-1800
ahumnicky@smallherrin.com
anguyen@smallherrin.com

4855-3035-6681, v. 1

## CERTIFICATE OF SERVICE

I, Anna M. Humnicky, certify that I am over the age of 18 and that on June 18, 2024, I filed and served copies of the *Answer and Counterclaim to the Second Amended and Restated Complaint Filed by David A. Wender in his Capacity as the Trustee of the Curepoint Liquidation Trust* on behalf of Physician Financial Partners, LLC, on the parties listed in Exhibit A, by using the Bankruptcy Court's Electronic Case Filing program which sends a notice of the above-listed document and an accompanying link to the document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program, as indicated in Exhibit A, and by U.S. Mail with adequate postage pre-paid, as indicated in Exhibit A, as well as courtesy copies by electronic mail as indicated in Exhibit A.

This 18th day of June 2024.

By:  /s/ Anna M. Humnicky
Anna M. Humnicky
GA Bar No. 377850

**SMALL HERRIN, LLP**
100 Galleria Parkway
Suite 350
Atlanta, GA 30339
(P): (770) 783-1800
ahumnicky@smallherrin.com

## EXHIBIT A

**Via CM/ECF –**

Nathaniel DeLoatch on behalf of Counter-Defendant David A. Wender, in his capacity as
Chapter 11 Trustee
nathanieldeloatch@eversheds-sutherland.us

Nathaniel DeLoatch on behalf of Plaintiff David A. Wender, in his capacity as Chapter
11 Trustee
nathanieldeloatch@eversheds-sutherland.us

Nathaniel DeLoatch on behalf of Trustee David Wender
nathanieldeloatch@eversheds-sutherland.us

Louis G. McBryan on behalf of Counter-Claimant MEC Capital, Inc.
lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

Louis G. McBryan on behalf of Counter-Claimant MMI Educational Technologies, LLC
lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

Louis G. McBryan on behalf of Counter-Claimant Mittere Inc.
lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

Louis G. McBryan on behalf of Counter-Claimant Northwinds Leasing, Inc.
lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

Louis G. McBryan on behalf of Counter-Claimant Phillip Miles
lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

Louis G. McBryan on behalf of Defendant MEC Capital, Inc.
lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

Louis G. McBryan on behalf of Defendant MMI Educational Technologies, LLC
lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

Louis G. McBryan on behalf of Defendant Mittere Inc.
lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

Louis G. McBryan on behalf of Defendant Northwinds Leasing, Inc.
lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

Louis G. McBryan on behalf of Defendant Phillip Miles
lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com

David Wender on behalf of Plaintiff David A. Wender, in his capacity as Chapter 11
Trustee
davidwender@eversheds-sutherland.com

**Courtesy copy by email** –

Valerie Sanders – valeriesanders@eversheds-sutherland.com