UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| CUREPOINT, LLC, | CASE NO. 22-56501-pmb |
| Debtor. | CHAPTER 11 |
| DAVID A. WENDER, in his capacity as CHAPTER 11 TRUSTEE, | |
| Plaintiff, | |
| v. | A.P NO. 23-5162-pmb |
| PHILLIP MILES, JAMILA DADABHOY, MEC CAPITAL, INC., MITTERE, INC., MMI EDUCATIONAL TECHNOLOGIES, LLC, NORTHWINDS LEASING, INC., and PHYSICIAN FINANCIAL PARTNERS, LLC | |
| Defendants. | |

**PLAINTIFF'S MOTION TO DISMISS COUNTERLAIMS AND STRIKE
AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANT
PHYSICIAN FINANCIAL PARTNERS,
<u>AND MEMORANDUM IN SUPPORT</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

STATEMENT OF FACTS ...................................................................................... 1
    A.     The Debtor, the Petition, the Bar Date, and the Adversary Proceeding ............... 1
    B.     PFP's Affirmative Defenses and Counterclaims ............................................ 5

ARGUMENT.......................................................................................................... 6
    A.     Applicable Legal Standard ............................................................................ 6
        1.  Civil Rule 12(b)(6)...................................................................................6
        2.  Civil Rule 12(f)..........................................................................................7
    B.     PFP's Counterclaims Must Be Dismissed.......................................................... 8
        1.  The Counterclaims Are Barred by the Plan and Confirmation Order. ..................8
        2.  The Counterclaims are Barred by the Bar Date Order.......................................12
    C.     The First Counterclaim (Breach of Contract) Should be Dismissed. ..................13
    D.     The Affirmative Defenses Should Be Stricken. ...............................................14
        1.  The Affirmative Defenses are Released by the Plan and Confirmation Order. ....14
        2.  Defenses of Setoff /Recoupment and Failure to Mitigate are Barred by the Plan
           and Confirmation Order. ....................................................................14
        3.  The Setoff Defense Fails As a Matter of Law With Respect to Counts XII
           Through XIV of Plaintiff's Complaint..............................................15
        4.  Recoupment Does Not Apply. ...........................................................16

CONCLUSION.......................................................................................................17

David A. Wender, in his capacity as Liquidating Trustee of the Curepoint Liquidation Trust, hereby moves (i) pursuant to Bankr. R. P. 7012(b) and Fed. R. Civ. P. 12(b)(6) to dismiss the counterclaims asserted by Defendant Physician Financial Partners, LLC ("PFP"); and (ii) pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rules 12(b)(6) and (f) of the Federal Rules of Civil Procedure to strike the affirmative defenses raised in PFP's answer to Plaintiff's Second Amended and Restated Complaint. (ECF No. 62.)[1]

PFP asserts four counterclaims, two concerning an alleged judgment credit and two concerning other amounts allegedly paid to the Debtor. PFP's allegations establish that its counterclaims arose pre-petition. Accordingly, the claims are barred by the plain language of the Bar Date Order, the Plan, and the Confirmation Order entered into the Debtor's bankruptcy case. Count I of PFP's counterclaim also fails for the additional reason that it does not state a claim upon which relief may be granted. PFP's affirmative defenses are also barred by the Plan, and its defenses of setoff and recoupment also fail as a matter of law.

## STATEMENT OF FACTS [2]

### A.   The Debtor, the Petition, the Bar Date, and the Adversary Proceeding

1.   The Debtor provided radiation therapy for cancer patients at a treatment facility located in Dublin, Georgia. (Second Amended and Restated Complaint ("Compl."), ECF No. 59, ¶ 8, PFP Answer to Second Amended and Restated Complaint, ECF No. 62 ("Answer") ¶ 8.)

2.   PFP owns 95.01% of the Debtor. (Compl. ¶ 21, Answer ¶ 21.)

3.   PFP is an Insider.  *See* 11 U.S.C. § 101.

---

[1] References to "D.I. X" are to the main case, 22-56501-pmb. References to "ECF No. X" are to this adversary proceeding, 23-5162-pmb.
[2] These facts are alleged in the Counterclaims or are matters of public record.

4.      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 19, 2022. (D.I. 1.)

5.      Shortly after the Petition Date, several creditors and the United States Trustee filed motions requesting the appointment of a Chapter 11 trustee, based on, among other things, contentions that the Debtor improperly transferred assets to various entities associated with Jamila Dadabhoy, who is PFP's manager, and Phillip Miles, who is also a defendant in this proceeding. (D.I. 52, 54 & 68.)

6.      On October 13, 2022, the Court entered an order directing the appointment of a Chapter 11 trustee in the bankruptcy case. (D.I. 96). On October 17, 2022, the United States Trustee filed the *Notice of Appointment of Chapter 11 Trustee and Setting of Bond*, which, among other things, appointed Plaintiff as Chapter 11 Trustee for the Debtor's estate. (D.I. 104.) Plaintiff accepted the appointment on October 18, 2022, and the Court approved the appointment on October 19, 2022. (D.I. 106, 108.)

7.      On November 22, 2022, the Court entered the *Order and Notice Establishing Bar Date [and] Fixing Time for Filing Prepetition Claims* (D.I. 157) (the "Bar Date Order"), establishing January 31, 2023 as the deadline for creditors to file a proof of claim against the Debtor on account of any prepetition claim. (*Id.*)

8.      The Bar Date Order specifically provides that "each creditor and party-in-interest who seeks to prove a claim arising on or prior to the Petition Date (a "Prepetition Claim") against Debtor, Debtor's property, or the Debtor's estate. . . **SHALL FILE A PROOF OF CLAIM**" and that any creditor or party-in-interest whose claim is scheduled "in an incorrect amount, or are scheduled as disputed, contingent, or unliquidated… must file proofs of claim ON OR BEFORE THE BAR DATE."  (Bar Date Order 1-2) (emphasis in original).  Moreover,

"**ANY CREDITOR AND PARTY-IN-INTEREST REQUIRED TO FILE A PROOF OF CLAIM WHO FAILS TO DO SO BY THE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING THE PREPETITION CLAIM AGAINST THE DEBTOR AND THE DEBTOR'S ESTATE**...."  (*Id.* at 3) (emphasis in original).

9.      Plaintiff served the Bar Date Motion and Order on the Debtor's creditors, including PFP, on December 2, 2022. (D.I. 176.)

10.     PFP is shown on the Debtor's Scheduled E/F has having a general unsecured claim in an "undetermined" amount—*i.e.*, an unliquidated claim. (D.I. 82 at 26 of 72.)

11.     PFP filed no proof of claim in the bankruptcy case.

12.     On December 15, 2022, the Court entered its order approving the sale of the Debtor as a going concern.  (D.I. 200.)

13.     On August 29, 2023, the Trustee filed the *Chapter 11 Trustee's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation and Notice Procedures with respect to Confirmation of the Chapter 11 Plan of Liquidation of Curepoint, LLC, (C) Approving the Forms of Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates in Connection Therewith* (D.I. 311) and the accompanying *Chapter 11 Plan of Liquidation for Curepoint, LLC* (D.I. 312) (the "Plan").

14.     On October 11, 2023, the Plaintiff filed his initial complaint against PFP, among others, thereby initiating this adversary proceeding (D.I. 336; ECF No. 1.)

15.     On October 15, 2023, the Plaintiff filed the *First Amended Disclosure Statement for the Chapter 11 Plan of Liquidation for Curepoint, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 339), and, on October 25, 2023, after notice and hearing, the Court

- 3 -

entered the *Order (A) Approving the Adequacy of the First Amended Disclosure Statement, (B) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Chapter 11 Plan of Liquidation of Curepoint, LLC, (C) Approving the Forms of Ballot and Notices in Connection Therewith, and (D) Scheduling Confirmation Hearing for December 18, 2023* (D.I. 341) (the "Disclosure Statement Order").

16.     On November 8, 2023, PFP, through counsel, filed the *Joint Stipulation Pursuant to Local Rule 9006-1* with the consent of the Trustee. (ECF No. 4). That filing constituted the appearance of PFP's counsel in the case and registration to receive notice on behalf of PFP through the Court's CM/ECF procedures in this Adversary Proceeding and in the Debtor's bankruptcy case.

17.     Over a month later, on December 18, 2023, the Court held the hearing on confirmation of the Plan.

18.     On December 22, 2023, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Chapter 11 Trustee's Plan of Liquidation for Curepoint, LLC* (D.I. 365) (the "Confirmation Order"), finding sufficient factual and legal bases to approve the Plan, including the settlement, release, and injunction provisions contained therein.

19.     PFP received notice of the Confirmation Order.  (D.I. 366.)

20.     PFP did not object to confirmation of the Plan, did not appeal the Confirmation Order, and did not assert any alleged claim or attempt to reserve any rights with respect thereto.

21.     On December 29, 2023 at 11:59 p.m. (the "Effective Date"), the Plan became effective. (*See* D.I. 367).  Pursuant to the Confirmation Order, the Plan became binding on the Debtor's creditors, parties-in-interest, and PFP on the Effective Date. (D.I. 365 ¶ H.)

- 4 -

22.     On the Effective Date, the Debtor and its estate transferred to the Liquidation Trust all of the Liquidation Trust Assets, which included, among other things, the Debtor's rights and interests in the Adversary Proceeding.  (D.I. 312 IV.C.2.)[3]

23.     The transfer to the Liquidation Trust was "free and clear of Claims, Liens, Interests, encumbrances, and contractually imposed restrictions except as otherwise provided [in the Plan]."  (*Id.*)

24.     On January 4, 2024, the Trustee filed and served the *Notice of Effective Date* on creditors and parties-in-interest, including PFP. (D.I. 368.)

25.     On May 28, 2024, Plaintiff filed his Second Amended and Restated Complaint in this adversary proceeding. (ECF No. 59.)

**B.      PFP's Affirmative Defenses and Counterclaims**

26.     PFP filed an answer to the second amended and restated complaint, with affirmative defenses and counterclaims, on June 18, 2024. (ECF No. 62.)

27.     PFP's Eleventh and Seventeenth affirmative defenses assert purported defenses of "offset and/or recoupment" and failure to mitigate damages, respectively. (*Id.* at pp. 3, 4.)

28.     PFP's counterclaim asserts that PFP and the Debtor, along with other people and entities, had a "long-standing agreement wherein any one entity could seek the financial assistance of another with the understanding that any such assistance would be paid back in kind[.]" (*Id.* at p. 104 ¶ 6.)

29.     PFP alleges that following the entry of a $75,000 judgment in its favor in 2021, it "allowed Debtor access to its $75,000" with the understanding that it would later be reimbursed,"

---

[3] Pursuant to the Plan, the Debtor transferred to the Liquidation Trust the Liquidation Trust Assets, which specifically includes Retained Causes of Action.  (D.I. 312 Art. IV.C.2.; *id.* App. 1 ¶ 83).  The Adversary Proceeding is expressly listed as a Retained Cause of Action.  (*Id.* Sched. B.)

and that the Debtor used the $75,000 to reduce a portion of the 2021 judgment entered against the Debtor. (*Id.* at p. 105 ¶¶ 7-10.)

30.     In Count I of its Counterclaim, PFP alleges that it has not been repaid the $75,000 and that this constitutes a breach of contract. (*Id.* at p. 106 11-13.)

31.     In Count II of its Counterclaim, PFP alleges that the Debtor was unjustly enriched by the $75,000. (*Id.* at pp. 106-07 ¶¶ 17-20.)

32.     PFP alleges that "over the four years prior to the Petition Date," PFP transferred $26,500 to the Debtor pursuant to the alleged "agreement" described above. (*Id.* at p. 107 ¶¶ 23-24.)

33.     In Count III of its Counterclaim, PFP alleges that it "is entitled to a claim for breach of contract against the Trustee and the Liquidation Trustee in an amount not less than $26,500[.]" (*Id.* at p. 107 ¶ 27.)

34.     In Count IV of its Counterclaim, PFP alleges that the Debtor was unjustly enriched by $26,500. (*Id.* at p. 108-09 ¶¶ 31-35.)

## ARGUMENT

### A.     Applicable Legal Standard

#### 1.   Civil Rule 12(b)(6).

To survive a motion to dismiss under Civil Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[A] plaintiff cannot simply use labels and conclusory statements nor can a plaintiff just recite the elements of a particular cause of action." *In re Arsenault*, 456 B.R. 627, 629 (Bankr. S.D. Ga. 2011); *see also Farina v. FedLoan Servicing Credit (In re Farina)*, 2016 WL 4398411 (Bankr. N.D. Ga. June 16, 2016) (a complaint requires more than conclusory statements or recitation of the elements). Moreover,

dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual

allegations, there is a dispositive legal issue which precludes relief or if the claim is based on an

indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 326, (1989); *Brown v.

Crawford Cnty.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

In considering a motion to dismiss under Civil Rule 12(b)(6), court may take judicial

notice of its own docket, including orders and items appearing in the record. *See Henderson v.

Sun Pharmaceuticals Indus., Ltd*., 809 F. Supp. 2d 1373, 1377 (N.D. Ga. 2011); 5C Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (3d ed. 2004) ("judicial notice

may be taken of prior pleadings and proceedings ... transcripts of prior court proceedings, and

various documents that are matters of public record"); *ResCap Liquidating Trust v. Liebert Corp.

(In re Residential Capital, LLC)*, 2015 WL 3507128 at *6 (Bankr. S.D.N.Y. June 2, 2015)

(finding it appropriate to consider the confirmation order on a motion to dismiss).

2.   Civil Rule 12(f).

Civil Rule 12(f) provides that the Court "may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"To succeed on a motion to strike an affirmative defense, a party must 'show that: (1) there is no

question of fact which might allow the defense to succeed; (2) there is no question of law which

might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the

defense.'" *State Street Global Advisors Trust Co. v. Visbal*, 462 F. Supp. 3d 435, 438 (S.D.N.Y.

2020) (quoting *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2d Cir. 2019)). "In

considering the first and second prongs, courts apply the same legal standards as applicable on a

Rule 12(b)(6) motion to dismiss." *Wild Bunch, SA v. Vendian Entertainment, LLC*, 17 Civ. 1383,

2018 WL 1365690, at * 2 (S.D.N.Y. Feb. 26, 2018). "When considering the third prong, plaintiff

may point to, *inter alia*, the 'burden of additional discovery' or the increased 'duration and

- 7 -

expense of litigation.'" *Id.* (quoting *Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901, 2013 WL 6669422, at *2 (S.D.N.Y. Dec. 17, 2013)).

        **B.**    <u>**PFP's Counterclaims Must Be Dismissed.**</u>

           1.  <u>The Counterclaims Are Barred by the Plan and Confirmation Order.</u>

As shown by PFP's own factual allegations, its counterclaims are prepetition claims. (ECF No. 62 ¶¶ 7-10, 23.) The Plan became binding on the Debtor's creditors, including PFP, on the Effective Date, December 29, 2023, at 11:59 p.m.  (D.I. 365 ¶ H). At that moment, the Plan released and settled the claims PFP now attempts to assert as counterclaims. "The Supreme Court has explained that a confirmation Order is fundamentally the same as any other judgment. Once a judgement becomes final and non-appealable, it is binding on all parties thereto that received constitutionally adequate service thereof." *Mesabi Metallics Co. LLC v. B. Riley FBR, Inc. (In re Essar Steel Minn., LLC)*, 652 B.R. 709, 719-20 (Bankr. D. Del. 2023) (citing *Travelers v. Bailey*, 557 U.S. 137, 150 (2009)). "[W]here the plain terms of a court order unambiguously apply…they are entitled to their effect." *Travelers*, 557 U.S. at 150.

Further, "[a] motion to dismiss claims should be granted where the claims are subject to a release that is not subject to any factual dispute." *In re Roman Catholic Diocese of Rockville Ctr.,* 652 B.R. 226, 234 (Bankr. S.D.N.Y. 2023); *Gupta v. Headstrong, Inc.*, 2018 WL 1634870 (S.D.N.Y. March 30, 2018) (finding it appropriate to grant a motion to dismiss on the basis of a binding release agreement where the terms are clear and unambiguous).

Article VII.A. of the Plan provides, in pertinent part, for the release, compromise, and settlement of all

      Claims, Interests, and Causes of Action of any nature whatsoever (other than the Reserved Cause of Action)…whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtor or any of its assets or properties, regardless of whether any property shall have been distributed

or retained pursuant to the Plan on account of such Claims and Interests, including
demands, liabilities, and Causes of Action that arose before the Effective Date….

(Plan Art. VII.A.).  This provision applies to a claim

> whether or not: (1) a Proof Claim or Proof of Interest based upon such debt, right,
> or Interest is Filed or deemed Filed pursuant to section 501 of the Bankruptcy
> Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed
> pursuant to section 502 of the Bankruptcy Code; or (3) the Holders of such a
> Claim or Interest has accepted the Plan.

(*Id.*)

Moreover, PFP released the Debtor from the counterclaims as set forth in Article VII.D.

of the Plan, which provides, in pertinent part, that

> [E]ach Creditor, shall be deemed to forever release, waive, and discharge the
> Debtor and the Chapter 11 Trustee of all claims, obligations suits, judgments,
> damages, demands, debts, rights, remedies, Causes of Action, and liabilities of
> any nature whatsoever, whether direct or derivative, known, or unknown, foreseen
> or unforeseen, matured or unmatured, fixed or contingent, liquidated or
> unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether
> for tort, contract, violations of federal or state securities laws, or otherwise….

(*Id.* Art. VII.D.)

The Plan also enjoins PFP from asserting the counterclaims against the Debtor, its estate,

the Trustee, and the Liquidation Trust. Article VII.E. of the Plan provides, in pertinent part, that

holders of a claim against the Debtor

> are permanently enjoined from taking any of the following actions against the
> Debtor, the Estate, the Chapter 11 Trustee, the Liquidation Trust, the Liquidation
> Trustee, the Liquidation Trust Assets or the Released Parties…on account of such
> Released Claims and Interests: (i) commencing or continuing, in any manner or in
> any place, any action or other proceeding; (ii) enforcing, attaching, collecting or
> recovering in any manner any judgment, award, decree, or order; (iii) creating,
> perfecting, or enforcing any lien or encumbrance; (iv) asserting any right of setoff
> (other than setoffs exercised prior to the Petition Date), or subrogation of any kind
> against any debt, liability or obligation on account of or in connection with or
> with respect to any Released Claims or Interests; and (v) commencing or
> continuing in any manner or in any place, any action that does not comply with or
> is inconsistent with this provision[.]

(*Id.* Art. VII.E.). This injunction was in effect at the time PFP initially asserted its counterclaims (on January 5, 2024 (ECF No. 9), and it continues to be in effect. (Plan Art. VII.F.)

Finally, pursuant to the Plan, the Debtor transferred to the Liquidation Trust its rights and interests in the Adversary Proceeding free and clear of all Claims, Liens, Interests, encumbrances, and contractually imposed restrictions. (*Id.* Art. IV.C.2).

PFP's assertion of the counterclaims violates not only the Plan's plain language, but also that of the Confirmation Order, which found that the releases and injunctions set forth in Article VII of the Plan "are fair equitable, reasonable, and in the best interests of the Debtor, its Estates, Creditors and Interests Holders[,]" and ordered that these provisions are effective and binding upon all parties and entities. (D.I. 365 ¶¶ 12, T-V & PP).

Moreover, the Court's entry of the Confirmation Order constitutes its approval of the releases and its finding that such releases were

> (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by Creditors; (3) in the best interests of the Debtor and all holders of Claims and Interests; (4) fair, equitable and reasonable; (5) given and made after notice and opportunity for hearing; and (6) a bar to any Creditor asserting any Claim released by the release herein by any of the Released Parties.

(D.I. 312 Art. VII.D.; D.I. 365 ¶ A.)

The public record and its own allegations show that PFP had notice of the Plan and its potential impact on its then un-asserted (and still time-barred) claims. Yet, PFP took no action. In light of this, PFP should not be permitted now to assert claims against the Debtor and the Liquidation Trust that are prohibited by the plain language of the Plan and Confirmation Order.

The situation here is similar to the one faced by the district court in *In re Residential Capital, LLC*, 558 B.R. 77 (S.D.N.Y. 2016). There, a liquidating trust created pursuant to the

debtor's confirmed plan initiated litigation in a separate forum against various defendants. *Id.* at

79.  The defendants filed breach-of-contract counterclaims in response. *Id.* The liquidating trust

filed a motion in the bankruptcy court to enjoin the defendants from asserting the counterclaims,

arguing that the counterclaims were subject to the injunction provisions of the claims bar date

order, plan, and confirmation order. *Id.* at 80. The bankruptcy court denied the liquidating trust's

motion, finding that the counterclaims were claims that arose post-confirmation and were

therefore not subject to the plan and confirmation order. The liquidating trust appealed the

decision to the district court, which reversed.

The district court found that the defendants' counterclaims arose prepetition, and that:

(a) the defendants had not filed claims in the cases related to the counterclaims now asserted;

(b) the defendants received notice of the disclosure statement and the plan, including the plan's

release, exculpation, and injunction provisions; (c) the plan provided for the discharge of claims

arising prior to the effective date; and (d) no defendant objected to the claims bar date order, the

disclosure statement, or the plan. Consequently, the district court concluded that the defendants

could not assert the prepetition counterclaims because they were barred by the claims bar date

order, the plan, and the confirmation order. 558 B.R. at 85-87.

Similarly, in another adversary proceeding in the same bankruptcy case, the bankruptcy

court granted a third-party defendant's motion to dismiss claims that violated the confirmed

plan's release provisions. *ResCap Liquidating Trust*, 2015 WL 3507128 (Bankr. S.D.N.Y. June

2, 2015). There, the liquidating trustee initiated a fraudulent conveyance action against a

creditor. *Id.* at *3. The creditor filed its answer and a third-party complaint against the debtor's

parent company, seeking to recover from the parent any transfer that was successfully avoided.

*Id.*  The parent company filed a motion to dismiss the claims, arguing that the claims were barred

by the third-party release in the confirmed plan. *Id.* at *4. After examining the plan and its applicable language, the bankruptcy court found that the plan's release language was clear and unambiguous that the creditor had released the claims it was attempting to bring. *Id.* at *9. Consequently, the bankruptcy court granted the motion to dismiss all claims the creditor sought to bring relative to the debtor's parent. *Id.*

Here, PFP's counterclaims arose prepetition —PFP admits as much in its Answer and Counterclaims. PFP should not be permitted to assert claims for the first time in violation of the Plan and Confirmation Order's plain terms. *See, e.g., In re Roman Catholic Diocese of Rockville Ctr.,* 652 B.R. at 234 (applying the motion to dismiss standard to a claims objection and finding that the claims should be disallowed because they were released under the debtor's confirmed plan); *Katz v. FM Constr. Grp. (In re Hollister Constr. Servs.),* 2023 WL 2466427 (Bankr. D.N.J. March 10, 2023) (denying a defendant leave to amend its answer to assert counterclaims based upon breach of contract and unjust enrichment that arose prepetition and were barred by the plan and confirmation order).

      2.   <u>The Counterclaims are Barred by the Bar Date Order.</u>

PFP's counterclaims are not only released and barred by the Plan and Confirmation Order, they are barred by the plain language of the Bar Date Order. The Bar Date Order expressly provides that if a claim is scheduled in an incorrect amount or is unliquidated, the creditor must file a proof of claim prior to the Bar Date. The Bar Date Order also expressly provides that a creditor, by failing to file its claim prior to the Bar Date, "shall be forever barred, estopped, and enjoined from asserting the prepetition claim against the Debtor and [its] estate." (Bar Date Order at 3.)

PFP's claim is scheduled in an "undetermined" amount. By definition, this is an unliquidated claim. *In re Lamarre*, 269 B.R. 266, 269 (Bankr. D. Mass. 2001) ("A claim is

unliquidated when it is '[n]ot ascertained in amount' or 'not determined'.") (internal quotation omitted); *In re Tronox Inc.*, 626 B.R. 688, 701 (Bankr. S.D.N.Y. 2021) ("A claim is 'unliquidated' if it has not been reduced to a specific dollar amount."). PFP was required to file a proof of claim or have its claim barred. It never filed a claim in the bankruptcy case, and its attempt to assert prepetition claims as counterclaims now fails as a matter of law. PFP's counterclaims are enjoined and disallowed under the plain language of the Bar Date Order and, therefore, should be dismissed with prejudice.[4]

### C.    The First Counterclaim (Breach of Contract) Should be Dismissed.

PFP's first counterclaim, for breach of contract, fails for the additional reason that it fails to state a claim upon which relief may be granted. A necessary element of any claim for breach of contract is that there is "mutual assent" by all parties to the contract's terms. *Guise v. Leoni*, 366 Ga. App. 659, 662 (Ga. App. 2023). There is no enforceable contract "where there is no meeting of the minds between the parties regarding a material element thereof." *Coca-Cola Bottlers' Sales, LLC v. Novelis Corp.*, 311 Ga. App. 161, 167 (Ga. App. 2011).

PFP fails to allege facts showing a meeting of the minds between PFP and the Debtor with respect to the reimbursement PFP now seeks. Specifically, PFP pleads its "understanding it would be later reimbursed" by the Debtor. (Answer at p. 50 ¶ 14.) But there are no facts plead that would support a claim that the Debtor had the same understanding with respect to this alleged payment by its 95% owner. PFP's unilateral understanding does not constitute an enforceable contract. *Leone Hall Price Found. v. Baker*, 276 Ga. 318, 320 (Ga. 2003) ("Until all

---

[4] The counterclaims are released by the Bar Date Order, Plan and Confirmation Order. Notwithstanding, to the extent that the Court finds that they are not released and barred, but instead are late-filed claims, this Motion constitutes the Trustee's objection to the counterclaims pursuant to the Bar Date Order and section 502(b)(9).  In that regard, PFP fails to make any showing for permitting the late-filed claims.  As such, the counterclaims should be dismissed. The Trustee reserves the right to further supplement this objection.

understand alike, there can be no assent, and therefore no contract"); *Johnson v. University Health Servs., Inc.*, 931 F. Supp. 1572, 1581 (S.D. Ga. 1996) (finding the plaintiff's "attempts to infer mutuality from her own unilateral assent" unpersuasive).

      **D.**      <u>**The Affirmative Defenses Should Be Stricken.**</u>

          1.   <u>The Affirmative Defenses are Released by the Plan and Confirmation Order.</u>

The Affirmative Defenses suffer the same fate as the counterclaims because the Plan releases and enjoins "Causes of Action" against the Debtor, its estate, and the Liquidation Trust (Released Parties under the Plan), which include "each and every…defense…whether arising before, on or after the Petition Date, in contract or tort, in law or in equity, or pursuant to any other theory of law,"…"any Challenge," and "any Claim or defense." (Plan App. 1 ¶ 27.) The Plan defines "Challenge" as "object to, challenge, contest or otherwise invalidate or reduce." (*Id*. ¶ 29.) By its plain terms, the Plan provides for the release of the Affirmative Defenses.

If the Affirmative Defenses are permitted to survive, the Trustee and the Liquidation Trust will be unnecessarily burdened as to both time and expense by having to address the Affirmative Defenses, which will considerably expand the scope of discovery required in this Adversary Proceeding. Consequently, the Affirmative Defenses should be stricken.

          2.   <u>Defenses of Setoff /Recoupment and Failure to Mitigate are Barred by the Plan and Confirmation Order.</u>

To the extent the Court finds that the Affirmative Defenses as a whole are not released under the Plan, the defenses for alleged setoff and/or recoupment and the Trustee's alleged failure to mitigate damages fall plainly within the Plan's releases. The Plan releases "Causes of Action" against the Debtor and its estate, which specifically includes "any right of setoff, counterclaim, recoupment and any claim for breaches of duties imposed by law or in equity[.]" (Plan App. 1 ¶ 27). Setoff and recoupment are expressly listed and released. The failure to

mitigate damages defense is released as well because it is a duty imposed under Georgia law.

*Community Fed. c. Assn. v. Foster Developers*, 179 Ga. App. 861, 866 (Ga. App.

1986) ("whether in tort or contract a plaintiff is bound to lessen or mitigate damages by the use

of ordinary care and diligence."). The Plan's release provision is enforceable, and striking these

defenses is consistent with applicable law. *Raymond James & Assocs. v. Jalbert (in re German*

*Pellets La., L.L.C.*, 91 F.4th 801, 810-11 (5th Cir. 2024) (finding that the plan's prohibition of

setoff and recoupment were binding and enforceable); *In re Lykes Bros. S.S. Co.*, 217 B.R. 304,

311 (Bankr. M.D. Fla. 1997) ("[I]n accordance with the provisions of the confirmed Plan, the

Government is precluded from asserting its setoff rights."); *Daewoo Int'l (Am.) Corp. Creditor*

*Tr. v. SSTS Am. Corp.*, 2003 WL 21355214, at *5 (S.D.N.Y. June 11, 2003) (enforcing a

"confirmed plan of reorganization" that "included a specific prohibition on the assertion of setoff

or recoupment claims."); *In re SunCruz Casinos LLC*, 342 B.R. 370, 381 (Bankr. S.D. Fla. 2006)

("[T]he Plan expressly prohibits the assertion of any setoff or recoupment rights, [and] the Court

finds that such a provision is binding on creditors and parties in interest to the case . . . .").

      Consequently, at a minimum, the Eleventh and Seventeenth Affirmative Defenses should

be stricken as they are released and barred by the Plan and Confirmation Order. If these defenses

are permitted to survive, the Plaintiff will be unnecessarily burdened as to both time and expense

by having to address the Defenses, which will considerably expand the scope of discovery

required in this Adversary Proceeding.  Consequently, the Eleventh and Seventeenth Defenses

should be stricken.

      3.  <u>The Setoff Defense Fails As a Matter of Law With Respect to Counts XII Through
XIV of Plaintiff's Complaint.</u>

      Even apart from the fact that the setoff defense is barred, the defense fails as a matter of

law with respect to Counts XII through XIV of Plaintiff's complaint. Those counts are claims for

preferential and fraudulent transfers and are not subject to setoff by PFP's prepetition counterclaims.

"It is well established that a party will be unable to assert a setoff where the party is being sued for fraudulent transfers." *Sec. Investors Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 654 B.R. 224, 234 (Bankr. S.D.N.Y. 2023); 5 Collier on Bankr. P. 553.03[v] (stating that this general rule also applies to the "preference provisions of the Code" and citing section 547); *id.* at n. 173 (citing cases). This is because where a party is being sued for preferential or fraudulent transfers, "there is no mutuality of obligations," which is required under section 553(a). *Sec Investor*, 654 B.R. at 234. "The 'claims are not in the same right and between the same parties, standing in the same capacity' where the claims underlying the purported right of setoff accrued prepetition and the 'liability for the fraudulent-transfer claim is held by the Trustee as a post-petition obligation.'" *Id.* (internal citations omitted); *see also Natale v. The Home Depot U.S.A. (In re Krause, Inc.)*, 2005 WL 6487214 at *6 (Bankr. N.D. Ga. July 11, 2005) (creditor cannot set its prepetition claim off against a post-petition obligation to the debtor).

### 4.  Recoupment Does Not Apply.

Recoupment is also unavailable, as a matter of law, even apart from the defense's being released. Courts apply applicable non-bankruptcy law to determine whether a right of recoupment exists. *In re Ditech Holding Corp.*, 606 B.R. 544, 597 (Bankr. S.D.N.Y. 2019). Georgia law defines "recoupment [as] a defense involving adjustment of a plaintiff's claim based on amounts owed by the plaintiff to the defendant arising out of the same integrated transaction." *In re Krause, Inc.*, 2005 WL 6487214 at *3. The doctrine is narrowly construed in bankruptcy because it is an exception to one of the primary purposes of the Bankruptcy Code—equal distribution to similarly situated creditors. *Allied Holdings, Inc. v. Volvo Parts N. Am., Inc. (In re Allied Holdings, Inc.)*, 2008 WL 7874786 at *5 (Bankr. N.D. Ga. July 11, 2008). "[R]ecoupment

- 16 -

is generally found applicable only when the situation involves a debit and credit arising from the same goods and services." *Id.*; *see also In re Affiliated of Fla.*, 258 B.R. at 499 ("[i]n light of recoupment's equitable foundation, the doctrine is only applicable to claims that are so closely intertwined that allowing the debtor to escape its obligations would be inequitable").

PFP does not allege that its counterclaims arise from the same transaction as any of the Plaintiff's claims. Counts XII through XIV of Plaintiff's complaint assert claims for fraudulent and preferential transfers made over the course of 4 years, 2 years, and 90 days. Counts XV, XVIII, XXI, XXIV, and XXVI assert claims for unjust enrichment, breach of fiduciary duty, and breach of contract based on amounts retained by PFP from merchant cash advances and equipment leases, and by its breaches of the Debtor's operating agreement. PFP's counterclaims, on the other hand, are based solely on allegations of an alleged "long standing agreement" to provide financial assistance. There is no basis for recoupment on the facts alleged. "[T]he fact that the same two parties are involved, and that a similar subject matter gave rise to both claims [] does not mean that the two arose from the same transaction." *In re University Medical Ctr.*, 973 F.2d 1065, 1081 (3d Cir. 1992). Instead, "both debts must arise out of a single integrated transaction . . . ." *Id.* PFP's allegations fail to meet these requirements and its recoupment defense should be stricken for this reason, even apart from its being barred by the Plan.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff respectfully requests this Court grant this Motion; dismiss PFP's counterclaims; strike its affirmative defenses; and grant Plaintiff such other relief as the Court deems just and proper.

Submitted by:


/s/ *Valerie S. Sanders*
David A. Wender  (748117)
Valerie S. Sanders (625819)
Nathaniel T. DeLoatch (216330)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
404.853.8000 (t)
404.853.8806 (f)
davidwender@eversheds-sutherland.com
valeriesanders@eversheds-sutherland.com
nathanieldeloatch@eversheds-sutherland.com

*Counsel for David A. Wender, in his capacity as Liquidating Trustee of the Curepoint Liquidation Trust*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served on all counsel of record either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel of parties who are not authorized to receive Notices of Electronic Filing.


*/s/ Valerie S. Sanders*
Valerie S. Sanders